In re BRUNDIN et al.

(District Court, D. Minnesota, Second Division. December 14, 1901.)

BANKRUPTCY—FEES AND COSTS—ATTORNEY'S FEES.

    Bankr. Act 1898, § 64b, cl. 3, provides for the allowance of such attorney's fees only as are a part of the "cost of administration," and no allowance can be made from the estate to attorneys for services rendered in the matter of the bankrupt's application for a discharge, which has no relation to the administration of the estate, whether such services were rendered in behalf of the bankrupt or opposing creditors.

In Bankruptcy. On review of decision of the referee making an allowance to the bankrupts for attorney's fees.

H. H. Dunn and Morgan & Meighen, for creditors.

W. L. Comstock, for bankrupts.

LOCHREN, District Judge. In this case the attorney for the bankrupts presented to the referee for allowance his claim for services rendered the bankrupts in the proceeding, and for his disbursements connected therewith, amounting in all to the sum of $806.05, and, against the objections of the trustee, it was allowed in the sum of $700. Upon the petition of the trustee the matter has been certified to me for review, and the respective parties have been fully heard.

Counsel for the trustee admitted upon the argument that the attorney for the bankrupts had rendered the services and made the disbursements for which he has charged, and that his charges are, as between attorney and client, reasonable, and not excessive; but they urge that the services and disbursements were, in large part, for matters outside of the performance of the bankrupts' duties, in aid of the estate and of its administration, and for the personal benefit of the bankrupts alone, and therefore not payable out of the estate. It appears that services and disbursements to the amount of $271.10, being the first 14 items in the bill of account, were expended in the preparation of the schedules and in proceedings taken in the administration of the estate; and, while the propriety of allowing some of these items may not seem entirely clear, yet, in view of the admission referred to, I do not feel called upon to scan these items closely, and they will be allowed. The remaining services and disbursements charged for were all expended in the contest which arose upon the opposition of certain of the creditors to the granting of the bankrupts' petition for discharge.

Section 64b, cl. 3, provides that, among the debts having priority, shall be paid "the cost of administration, including * * * one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases, to the bankrupt in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary cases, as the court may allow." This is the only authority in the act for the allowance of attorney's fees, and, in view of the manifest purpose of the act to keep expenditures at the minimum, must receive a fairly strict construction.

It will be observed from the language of the act above quoted that the only allowance of attorney's fees is as part of "the cost of administration." It follows that services of an attorney not connected with the administration of the estate are not to be paid out of the estate. The administration of the estate includes the proceedings from the petition until the estate is reduced to money, and the dividends paid and the estate closed. Then the administration ends. In involuntary cases it will be observed that no allowance is made to the bankrupt for attorney's services in resisting the petition, but only while performing the duties required by the act.

As said by Judge Seaman in Re Mayer (D. C.) 101 Fed. 695, 697:

"The test for compensation out of the estate is whether the service is rendered in the performance of the bankrupt's duty in aid of the estate and its administration, and not whether the bankrupt stands in need of the service of counsel for his personal benefit and protection in any of the proceedings. No sanction appears in any of the provisions for an allowance in that last-mentioned view, and its adoption would violate the general consistency of the act for securing economy in administration."

The discharge of the bankrupt, while it will affect his personal rights and obligations, and the rights of his creditors, does not in any way affect the administration of his estate in the court of bankruptcy. It can neither add nor take away a dollar from that estate. The trustee, who administers the estate, and the referee, under whose charge and direction this is done, have nothing to do with the discharge of the bankrupt. The bankrupt may apply for his discharge at the end of one month after the adjudication, and before the administration has passed its preliminary stage, or postpone that matter till the lapse of nearly a year,—perhaps months after the administration is ended and the estate closed. The fact that the act requires him to attend the hearing upon his application for discharge is a regulation concerning the matter of discharge alone, which, although a proceeding in the bankruptcy, is for the benefit of the bankrupt only, and has nothing to do with the administration of the estate.

If, by reason of the opposition of some creditor, the services of any attorney may be necessary for the bankrupt, that is his individual concern, and neither reason nor anything in the act suggests that the estate be depleted to furnish him counsel, at the cost of his creditors. Should counsel fees be allowed for services in this case, it must be for the reason that they should be allowed in every case where employed, and would lead to the abuse of needless employment. They would also have to be paid from the estate as well where the bankrupt has committed acts which will prevent his discharge as in the cases where discharge is granted.

I know of no case where attorney's fees for such services have been allowed. No such claim has before been made in this district. In this case the schedules were filed with a pauper affidavit. The assets have been obtained by the trustee mainly through litigation resulting in the setting aside of conveyances held to have been fraudulent as to creditors of the bankrupts, and these conveyances gave color to the opposition of certain creditors to the application for dis-

charge. In my judgment, neither opposing creditors nor the bankrupts are entitled to have the costs or expenses of the contest in respect to the discharge of the bankrupts paid from the estate administered.

It is ordered that the allowance of the claim of the bankrupts' attorney be reduced to the sum of $271.10.