## In re CASTLEBERRY.

### (District Court, N. D. Georgia. March 8, 1906.)

1. BANKRUPTCY—PAYMENT OF COSTS FROM EXEMPT PROPERTY—RIGHTS OF LIEN CREDITOR.

The right to pay the costs and expenses of a bankruptcy proceeding from money set aside to the bankrupt as exempt, to which he assented, *held* superior to the right of a creditor claiming an equitable lien on the fund.

2. SAME—TRUSTEE—RIGHT TO COMMISSIONS.

A trustee is entitled to commissions on money realized by him from the sale of property of the bankrupt, which is claimed by the latter as exempt, and also claimed by a creditor, and which has been paid over by the trustee to the receiver of a state court in which such claims are being litigated where no objection to such commissions is made by the bankrupt.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 571.]

3. SAME—COUNSEL FEES—SERVICES RENDERED TO BANKRUPT.

A court of bankruptcy will not fix the amount to be paid to counsel for a bankrupt for services in procuring the allowance of his exemptions which is a matter for agreement between the parties.

In Bankruptcy. On allowance of costs and expenses.

Payne & Payne, for bankrupt.

R. J. & J. McCamy, for creditors.

King, Spalding & Little, for surety company.

NEWMAN, District Judge. The bankrupt is making no objection to the payment of the costs and expenses in the bankruptcy court out of the exemption allowed him. On the contrary, in his application filed with the referee on June 23, 1905, he expressly asks that he be allowed his exemption "subject, however, to the costs, and expense and attorney's fees which may be legally incurred and allowed in this proceeding." The county of Dade is objecting to it. It appears that the county of Dade when it originally appeared in court against the allowance of the homestead, asked that the funds of the bankruptcy court be turned over to it, less "the costs and expenses thereof." But without seeking to estop the county of Dade in any way by this statement of its former pleading here, it seems to me that in this issue between the county of Dade's claim against Castleberry and the costs of the bankruptcy court, the costs should be preferred. It is not a question now, as to allowing the expenses out of the bankrupt's exemption; but it is a question between the county against Castleberry as defaulting tax collector, and the costs and expenses of this court, and, on that issue, I think the costs and expenses should prevail. The expense attached to the administration of this estate is rather large, and yet, on an examination of the statement of the various items, I do not see how any one of them could be lessened. The amount allowed the receiver and the attorneys is very reasonable; and the other items cannot be objected to.

I think the referee erred in confining the compensation, that is, the per cent. allowed the trustee to the amount disbursed by him less the amount paid over to the receiver of the superior court. As I under-

stand it, the bankrupt himself is not objecting to these commissions, and it is like the other expenses, a contest between the county and the expenses of the court. The language of the bankruptcy act is "all moneys disbursed by them;" that is, by trustees. This money unquestionably is all disbursed by the trustee. The trustee sold the property of the bankrupt and realized from it the cash in his hands. The referee's refusal to allow him his commission on the amount to be paid over to the receiver of the state court, was based upon the idea that he was not entitled to his commissions out of the exemption. How this might be usually, where the trustee with the consent of the bankrupt reduces the personalty to cash, is not the issue here, because the bankrupt has expressly agreed, as I understand it, to the allowance of all costs and expenses in this court. I think the trustee should be allowed his commission on the entire amount disbursed. I do not feel justified in interfering with the amount allowed by the referee as counsel fees. It appears from the referee's certificate with reference to the allowance of the fee of Payne & Payne, attorneys for the bankrupt, that in fixing the amount of the fee, he considered the fact of their representation of the bankrupt in the matter of his exemption. I do not think that this court could undertake to fix a fee for this service. Legal services to a bankrupt in having his exemption allowed is a matter between the bankrupt and his attorneys.

The amount which counsel admit they will receive net, after paying certain expenses, seems to me to be a sufficient fee for filing the schedules, and attendance at the examination of the bankrupt at the first meeting of creditors.