## In re PAYNE.

### (District Court, E. D. New York. February 16, 1907.)

BANKRUPTCY—ATTORNEY'S FEES—ALLOWANCE TO BANKRUPT IN INVOLUNTARY CASES.

Bankr. Act July 1, 1898, c. 541, § 64b (3) 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], which authorizes the allowance of "one reasonable attorney's fee for the professional services actually rendered * * * to the bankrupt in involuntary cases while performing the duties herein prescribed," does not authorize such allowance of fees for all legal work the attorney may do for the bankrupt in the proceeding, but only for that which the referee or the court may consider was required by the provisions of the law and the necessities of the proceeding.

· [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 897.]

In Bankruptcy.

James M. Seaman, for bankrupt.
Theodore T. Baylor, for trustee. ·

CHATFIELD, District Judge. This is an involuntary bankruptcy. The bankrupt has contested the matter from the outset at every point. He has been represented by an attorney, who now asks for the allowance to him as such attorney for services set forth in an itemized account, on the value of which he places an estimate of $530, and also to be paid $38.40, disbursements expended by him in the form of car fare and lunch money advanced to the bankrupt upon trips to Brooklyn and Long Island City to attend hearings in the bankruptcy proceedings. The allowance of this amount is opposed by the attorney for the trustee, who claims that the estate in bankruptcy would be larger if the bankrupt had not acted unjustifiably and opposed the proper attempts of the referee and the trustee to conserve .the estate. The attorney for the trustee claims that the attorney for the bankrupt rendered whatever services were performed by him to the bankrupt in opposing the proceedings as above mentioned, and not in any way to add to the estate. No authorities are cited by either party, but the application and the opposition are based upon the record and conflicting statements of the respective attorneys.

The question of the discharge of the bankrupt has not been passed upon, and it would seem to the court that the determination upon the bankrupt's application for a discharge would have much to do with the question whether the bankrupt's attorney should be compensated for all or any part of his services. Further, the trustee has in his hands the sum of $2,400, less than one-half of which is to be paid out in the form of a first dividend, disbursements, and commissions, and there would seem to be no necessity for passing upon this application at the present time. Section 64, par. 3, Bankr. Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], is as follows:

"The cost of administration, including the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, * * * to the bankrupt

in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary cases, as the court may allow."

Any such allowance is a preferred claim, and is to be ordered paid by the trustee.

Under this it would seem that the basis of compensation is not payment for all services which the bankrupt may request of his attorney, but for the services to the bankrupt in involuntary cases, while performing the duties prescribed upon the bankrupt by the bankruptcy law. Most of the work covered by the application for this allowance was apparently work done at the request of the bankrupt, and not work required from the bankrupt's attorney by the provisions of the statute. The disbursements by the attorney for the bankrupt, for car fares and lunch, will evidently have to be determined in the light of the words "fees and mileage payable to witnesses."

This application will be held as pending until the question of discharge has been passed upon by the referee, and until the matter is brought before this court for final adjudication. If an allowance is made, it will be directed to be paid before the declaration of the final dividend.