---

### In re O'HARA.

(District Court, M. D. Pennsylvania. January 21, 1909.)

#### No. 875.

BANKRUPTCY (§ 482*)—ADMINISTRATION OF ESTATE—ATTORNEY'S FEE.

Bankr. Act July 1, 1898, c. 541, § 64b (3), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), provides for payment out of the estate of one reasonable attorney's fee for professional services actually rendered to the bankrupt in involuntary proceedings while performing the duties required. *Held*, that such duties were those previously enumerated in section 7a, in aid of the settlement of the estate, and that the section did not authorize the allowance of a fee for services in endeavoring to sustain the bankrupt's exemption claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 897; Dec. Dig. § 482.*]

In Bankruptcy. On certificate from W. L. Hill, referee.

A. Mitchell Palmer, pro se.

ARCHBALD, District Judge. Counsel for the bankrupt was allowed a counsel fee of $50 for assisting the bankrupt in preparing and filing his schedules, and now asks a like sum for services in endeavoring to sustain his exemption claim. There was considerable controversy over the exemption, including a hearing before the referee and an appeal to the court; and, although the claim in both instances was disallowed, it may well be that, as between the bankrupt and his attorney, the amount now asked for was fully earned. But the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]) only provides in section 64b (3), for payment out of the estate of "one reasonable attorney's fee * * * for professional services actually rendered * * * to the bankrupt in involuntary cases while performing the duties herein prescribed;" evidently referring to the duties previously enumerated in section 7a. In re Woodard (D. C.) 2 Am. Bankr. Rep. 692, 95 Fed. 955; In re Payne (D. C.) 18 Am. Bankr. Rep. 192, 151 Fed. 1018. These are duties which aid in the settlement of the estate, which is no doubt the reason for the allowance to counsel, and among them the endeavor to secure for the bankrupt his exemption claim is not one. In re Castleberry (D. C.) 16 Am. Bankr. Rep. 430, 143 Fed. 1021. The same is true where the services have to do with obtaining a discharge, which shows the principle involved. In re Brundin (D. C.) 7 Am. Bankr. Rep. 296, 112 Fed. 306.

The exceptions are overruled, and the action of the referee is affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes