In re FOGARTY.

FOGARTY v. MILWAUKEE TRUST CO.

(Circuit Court of Appeals, Seventh Circuit. April 11, 1911.)

No. 1,714.

BANKRUPTCY (§ 482*)—"COSTS OF ADMINISTRATION"—COUNSEL FEES OF BANK-
RUPT—APPLICATION TO CONFIRM COMPOSITION.

An involuntary bankrupt is not entitled to an allowance for counsel
fees and disbursements expended on a contested application to confirm a
composition, such expenditures not being a part of the "costs of admin-
istration," nor for services rendered to the bankrupt while performing
duties prescribed by the act, within Bankr. Act July 1, 1898, c. 541, §
64 (b) 3, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 482.*

For other definitions, see Words and Phrases, vol. 2, pp. 1631–1640;
vol. 8, p. 7620.]

Appeal from the District Court of the United States for the East-
ern District of Wisconsin.

In the matter of Thomas C. Fogarty, bankrupt; the Milwaukee
Trust Company, trustee. From an order disallowing claim for coun-
sel fees and disbursements, the bankrupt appeals. Affirmed.

This is an appeal from an order denying appellant's claim for an allowance
out of the estate on account of certain services and disbursements of his at-
torneys.

The facts were stipulated as follows: "That this is an involuntary case;
that said bankrupt duly surrendered to his trustee all his property, and that
said bankrupt offered terms of composition to his creditors, which were ac-
cepted in writing by a majority in number and amount of his creditors, and
thereupon made application for confirmation thereof, and due notice thereof
was given to his creditors; that 3 of the 60-odd creditors entered appear-
ances and filed specifications of objection to such composition; that the is-
sues formed upon such specifications were tried, and the court denied said
composition, on the ground that the bankrupt had failed to keep proper books
of account and that the proposed composition was not for the best interest of
the creditors; that the attorneys of said bankrupt drew all the necessary
papers, and attended upon the hearings and at the trial of said specifications
and on the arguments, and prepared briefs; that the reasonable value of the
services rendered by said attorneys on behalf of said bankrupt on said com-
position matter and proceedings is $1,000; that the disbursements incurred
in behalf of said bankrupt on said composition proceedings were for notices
to creditors, witness fees, court reporter and clerk's fees, aggregating $75.35;
and that said bankrupt has not paid nor secured said services or disburse-
ments to said attorneys."

James G. Flanders, for appellant.
William E. Burke, for appellee.

Before BAKER and KOHLSAAT, Circuit Judges, and LANDIS,
District Judge.

BAKER, Circuit Judge (after stating the facts as above).  Section
64 (3) requires the court to order the trustee to pay the cost of ad-
ministration, including a reasonable attorney's fee for professional

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

·services actually rendered "to the bankrupt in involuntary cases while performing the duties herein [in the act] prescribed."

The "duties of a bankrupt" are specifically enumerated and described in section 7. Subdivisions (3) to (9) inclusive relate to preparation of schedules and like matters. Manifestly these have no bearing on the case. The remaining subdivisions are as follows:

"(1) Attend the first meeting of his creditors, if directed by the court or a judge thereof so to do, and the hearing upon his application for a discharge, if filed; (2) comply with all lawful orders of the court."

Section 12 says that "a bankrupt may offer terms of composition to his creditors" after he has filed his schedules and list of creditors, and that "an application for the confirmation of a composition may be filed" if the terms have been accepted by a majority of creditors in number and in amount. On confirmation and distribution of the consideration "the case shall be dismissed." If confirmation is denied, "the estate shall be administered in bankruptcy as herein [in the act] provided." Confirmation fails if the judge finds any one of three things: (1) That the composition is not for the best interests of the creditors; or (2) that the bankrupt has been guilty of an act that would bar his discharge; or (3) that the offer and acceptance were not made in good faith.

Section 14 permits a bankrupt to apply for his discharge within certain time limits, and provides that the confirmation of a composition shall operate as a discharge.

Section 70f revests in the bankrupt the title to the estate in court if a composition is confirmed.

We are of opinion that an application to confirm a composition is not a part of the administration of the estate. It is a means by which the bankrupt may have "the case dismissed" and "the title to his property [the estate in court] revested in him." It rather causes a suspension of the administration of the estate, which is resumed if confirmation is denied. If a contest ensues, it is between the bankrupt (and his backers) on the one side and the dissenting creditors on the other over the question whether the estate shall remain in court to be administered or go back to the bankrupt. In such a contest the dissenting creditors must bear their end in paying attorney's fees. Equitably, why should not the bankrupt and his backers pay theirs? If they are successful in having the composition confirmed, they certainly should not be permitted to take their attorney's fees out of the composition fund which they have deposited to stand in lieu of the estate. If they press a wrongful application and are defeated, why should they be rewarded from the estate which they said was only worth the fund they now withdraw?

If, because the professional services in this case were rendered in the bankruptcy court—in the administration of the bankruptcy law—the attorney's fees are therefore costs of administration within the meaning of section 64, nevertheless such fees are not payable from the estate unless the services were rendered to the bankrupt while he was in the performance of some duty prescribed by the act. No duty was laid upon him to try to settle the case and get back his property.

That was a privilege, not a duty. If it be said that an application for a discharge is likewise merely a privilege, that the bankrupt's costs in connection with the hearing upon his application for a discharge are payable from the estate, that the confirmation of a composition is equivalent to a discharge, and that therefore his costs in connection with the prosecution of his composition offer should also be payable from the estate, we think the following considerations are a sufficient answer. Attendance in the one case is made by the letter of the statute the bankrupt's duty; in the other, not. Though a confirmed composition has the effect of a discharge, and though confirmation may be opposed on grounds that would prevent a discharge, the first question for the judge is whether the composition is for the best interests of the creditors, and this question has nothing to do with the right to a discharge. This question might be clearly determinable without the attendance of the bankrupt. Upon the judge is laid the duty of becoming "satisfied" that the composition offer is fair. If questions should arise which the judge thought might not be rightly solved without the attendance of the bankrupt and his attorney to aid in determining what was for the best interests of the creditors, it is possible that under section 7a (2) he might make a "lawful order" requiring the attendance of the bankrupt and his attorney at the expense of the estate. But the issue here is whether the bankrupt can recover from the estate the fees and disbursements of his attorney in endeavoring to force a dismissal of the case and a restoration of the seized property, when neither the letter of the statute nor an order of the court imposed upon the bankrupt the obligation to make such a contest. Our interpretation of the sections herein referred to, in connection with the spirit of the act as an entirety, is against the bankrupt's contention.

The order is affirmed.