In re HAMMEL et al.

(District Court, S. D. New York. February 19, 1914.)

1. BANKRUPTCY (§ 482*)—COSTS AND FEES—ALLOWANCE TO BANKRUPT'S AT-
TORNEY.
   Under Bankruptcy Act July 1, 1898, c. 541, § 64b, subsec. 3, 30 Stat.
563 (U. S. Comp. St. 1901, p. 3447), authorizing the allowance of a rea-
sonable attorney's fee for professional services actually rendered to the
bankrupt in involuntary cases while performing the duties therein pre-
scribed, and section 7, subsec. 1, providing that the bankrupt shall at-
tend the first meeting of his creditors, if directed by the court or judge
to do so, and the hearing upon his application for a discharge, if filed, and
subsection 9, providing that he shall, when present at the first meeting of
his creditors and at such other times as the court shall order, submit to
an examination concerning the conduct of his business, etc., an attorney's
fee cannot, in ordinary cases, be allowed the bankrupt for attending the
first meeting or the hearing on the application for the discharge, since his
duty is only to answer truthfully, and he requires no attorney to protect
him against abuse of the right of examination, as such right is abused
only when it goes into such clearly irrelevant matters as needs no legal
expert advice to distinguish, while the fact that the examination takes
place before a commissioner or referee sufficiently protects him as to the
manner and method of examination.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897;
Dec. Dig. § 482.*]

2. BANKRUPTCY (§ 482*)—COSTS AND FEES—ALLOWANCE TO BANKRUPT'S AT-
TORNEY.
   Within Bankruptcy Act July 1, 1898, c. 541, § 64b, subsec. 3, 30 Stat. 563
(U. S. Comp. St. 1901, p. 3447), authorizing the allowance of a reasonable
attorney's fee for professional services to the bankrupt in involuntary
cases while performing the duties therein prescribed, attending a sale of
the assets is the bankrupt's privilege and not a duty.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897;
Dec. Dig. § 482.*]

3. BANKRUPTCY (§ 482*)—COSTS AND FEES—ALLOWANCE TO BANKRUPT'S AT-
TORNEY.
   Under such section, getting a discharge is not a duty imposed upon the
bankrupt.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897;
Dec. Dig. § 482.*]

Proceeding in the matter of Leopold Hammel and another, individ-
ually and as copartners trading as L. Hammel & Co. On application
for allowance as attorney for the bankrupt. Allowance by special
master modified.

Application for allowance as attorney for the bankrupt in an involuntary
case. The special master appointed to fix allowances has based an allowance
of $125 upon the following services rendered the bankrupt: Preparing and
filing schedules, attending sale of bankrupts' property, consenting to order of
adjudication, being present with the bankrupt at the first meeting of creditors,
and various adjournments, attending with the bankrupt at examinations of ob-
jecting creditors on discharge, consulting with objecting creditors regarding
discharge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Herman H. Oppenheimer, of New York City, for L. Hammel.
Cahn & Nordlinger, of New York City, for Bertha Hofman.
I. H. Kramer, of New York City, for Max Hofman.
Lawrence B. Cohen, of New York City, for receiver.

HAND, District Judge (after stating the facts as above). [1] Section 64b (3) controls in such a case, and limits the allowance to services rendered "to the bankrupt in involuntary cases while performing the duties herein prescribed." The duties of bankrupts are prescribed in section 7 of the act, of which only subdivisions 1, 8, and 9 are here pertinent. I cannot agree that a bankrupt in ordinary cases needs an attorney to attend at the hearing of his discharge or at the first meeting. In re Kross (D. C.) 96 Fed. 816. His duty is only to answer truthfully, and that needs no attorney. The theory is, I suppose, that the right of examination may be abused, and that he should be protected, but the abuse of examination can only be when it goes into such clearly irrelevant matters as need no expert legal advice to distinguish. The utmost latitude should be allowed. So far as manner and method of examination may be abused, as such examinations take place before a commissioner or referee, the bankrupt is protected from being misused without an attorney.

[2] Attending a sale of the bankrupt's assets is his privilege, not his duty.

[3] For preparing the schedules and attendance Judge Brown fixed the fee of $30 for usual cases, with $20 for the discharge. Re Kross, supra. I should prefer to say that, except in unusual cases, the bankrupt should have no lawyer at the hearings and examinations, unless he wishes himself to pay him. Nor can I see that getting a discharge is a duty imposed upon the bankrupt.

Allowance $50.