## In re BOHRMAN.

(District Court, S. D. Georgia. July 12, 1915.)

*(Syllabus by the Court.)*

BANKRUPTCY ⬅482—ATTORNEY'S FEES—ALLOWANCE.

An attorney for a voluntary bankrupt is not entitled to a fee for services in having a homestead exemption set apart for said bankrupt and attending a hearing before the referee upon objections filed by creditors to such exemption.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. ⬅482.]

In Bankruptcy. In the matter of L. A. Bohrman, bankrupt. Application of H. L. Jackson, attorney, for payment for services out of the estate of the bankrupt. Compensation reduced.

H. L. Jackson, pro se.

LAMBDIN, District Judge. L. A. Bohrman filed his petition in voluntary bankruptcy, and H. L. Jackson, as his attorney, prepared his petition and schedules and represented him in the bankruptcy proceedings. In the schedules the bankrupt claimed an exemption of $1,600 in specifics out of a stock of goods belonging to him, as allowed by the Constitution of the state of Georgia, and the trustee set aside a certain amount of goods, of the value of $1,600, as such exemption. Certain creditors objected to this exemption to the bankrupt. Subsequently the balance of the estate was reduced to cash, and the attorney for the bankrupt then filed his petition for compensation, and his application for fees was referred to a special master. The special master made his report, in which an allowance of $100 and expenses was recommended.

In the evidence had before the special master, and in the report made by him, it is apparent that the special master, in making this allowance, took into consideration the services rendered by the attorney for the bankrupt in the contest arising over the homestead exemption. The question here presented, therefore, is whether such services should be paid for out of the estate of the bankrupt now being administered by the court.

1. Section 64b (3) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 563 [Comp. St. 1913, § 9648]) enumerates as a debt having priority and which should be paid in full out of the bankrupt estate:

"The cost of administration, including the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases, to the bankrupt in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary cases, as the court may allow."

The fee allowed to the attorney for the bankrupt in voluntary cases, therefore, comes under the head of "the cost of the administration."

In the question now presented to the court, the homestead exemption was not administered by the bankruptcy court. · It formed no part of his estate, and the trustee acquired no title to same. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, 10 Am. Bankr. Rep. 107; Collier on Bankruptcy (Tenth Edition) page 186 and cases cited. It follows, therefore, that, as this exemption was not administered by the bankruptcy court, the attorney for the bankrupt could not be allowed any fee based upon such exemption.

2. It appears from the section of the Bankruptcy Act quoted above that in involuntary cases the bankrupt is allowed a fee for his attorney only "while performing the duties" which the bankruptcy law prescribes should be performed by the bankrupt. The subsequent provision in the same section as to the allowance that should be made in voluntary cases should be construed in pari materia, and such allowance should be based on the same principles. Therefore it is only while the attorney is assisting the bankrupt in the performance of those duties prescribed by the Bankruptcy Act that he is entitled to a fee to be paid out of the bankrupt estate. Section 7 of the Bankruptcy Act (Comp. St. 1913, § 9591) prescribes these duties, and it nowhere appears in this section that it is made the duty of the bankrupt or his attorney to appear in a contest over the homestead exemption. This exemption is entirely for the benefit of the bankrupt, and not for the benefit of the estate being administered by the bankruptcy court. On the contrary, the allowance of this exemption reduces the estate. The attorney, therefore, in representing the bankrupt in a contest over this exemption, was not performing any services "in aid of the estate or its administration," nor did such services conduce to the benefit of the estate or its administration. Such being the case, and such services having been rendered for the benefit of the bankrupt alone, and not for the benefit of the estate or its administration, and not in assisting the bankrupt in the performance of the duties prescribed by the Bankruptcy Act, the matter is entirely a personal one between the bankrupt and his attorney, and the bankrupt, and not the estate, should pay for such services, and the attorney would have a claim upon this exemption for same. In re Castleberg (D. C.) 143 Fed. 1021, 16 Am. Bankr. Rep. 430; In re O'Hara (D. C.) 166 Fed. 384, 21 Am. Bankr. Rep. 508; In re Covington (D. C.) 132 Fed. 884, 13 Am. Bankr. Rep. 150; In re Duran Mercantile Co. (D. C.) 199 Fed. 961, 29 Am. Bankr. Rep. 450.

Therefore, the attorney for the bankrupt will not be allowed compensation for his services in the matter of said homestead exemption, and the amount of his compensation in the case will be reduced accordingly.