## In re HOLLIS LUMBER CO.
### No. 247.

Circuit Court of Appeals, Second Circuit.

Feb. 1, 1932.

Samuel C. Duberstein, of New York City (Joseph G. M. Browne, of Brooklyn, N. Y. and Samuel C. Duberstein, of New York City, of counsel), for appellant.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The Hollis Lumber Company, a corporation, was adjudged a bankrupt. Thereafter, on June 13, 1931, it offered a composition to its creditors of a 50 per cent. payment of all claims allowed or to be allowed and payment in full of all claims entitled to priority, in addition to administration expenses. The payment was to be made in cash upon the entry of the decree confirming the composition. It was agreed that the appellant, who is the attorney for the bankrupt, be paid $750, but the District Court, upon the ap-

plication to confirm, revised the allowances to the receiver, trustee, and attorney for the bankrupt. The last he reduced to $500, as it was said to be too large. This appeal is by the attorney from an order thus reducing his agreed compensation.

The report of the referee recommending the composition was approved by the District Judge as "for the best interest of creditors," and stated that the requirements of section 12 of the Bankruptcy Act (11 USCA § 30) had been complied with. Section 12 (d), 11 USCA § 30 (d), authorizes the judge to confirm a composition if satisfied that it is for the best interests of the creditors, that the bankrupt has not been guilty of any of the acts which would be a bar to his discharge, and that the offer and its acceptance are in good faith and have been made and procured as thus provided and not by "means, promises, or acts" forbidden by section 12. By section 12 (e), 11 USCA § 30 (e), upon confirmation of a composition, the consideration is to be distributed as the judge directs and the case dismissed, but, where a composition is not confirmed, the estate is administered in bankruptcy as provided by the Bankruptcy Act.

The attorney for the bankrupt performed services such as arranging finances for the composition, preparing schedules containing statements of the assets and liabilities, holding conferences with the creditors and their attorneys, obtaining consent of the majority in number and amount of creditors to the acceptance of the composition offer, and took necessary preliminary steps to the presentation of the offer. He made the application to the court, having prepared the papers necessary therefor. Prior to this he had succeeded in sustaining objections to various claims presented. The liabilities amounted to about $35,000, and disputed claims to about $60,000. The disputed claims were substantially disallowed. No one opposed the composition or allowance of $750 provided for the attorney for the bankrupt.

■ The Bankruptcy Act, § 60 (d), 11 USCA § 96 (d), provides for the supervision by the court, on petition of the trustee, of attorneys' fees where moneys have been paid to attorneys in contemplation of the filing of a petition in bankruptcy, and requires that any excessive amount be acquired by the trustee for the benefit of the estate. Section 62a, 11 USCA § 102, provides for supervision and payment of the expenses incurred by the officers in the administration of assets. Section 64b, 11 USCA § 104 (b), provides for the order and priority of payment of costs and expenses of administration. But such services as contemplated within these sections deal only with the matters of ordinary administration of the bankrupt's estate. They do not include allowances made to attorneys for services where composition is allowed. In such cases, the attorneys' fees are not regulated by any provision of the Bankruptcy Act (11 USCA). The District Court in composition matters requires affidavits setting forth the amount paid to attorneys, and this for the reason that it may be weighed in considering the approval or disapproval of the offer of composition. If the amount is too large, the court may require an amended offer to the extent that it is excessive, with the thought that the excessive amount be distributed to creditors. But, where the offer is confirmed and the amount offered is regarded as satisfactory to the creditors, the court has not the power to interfere with the amount paid to the attorney, in the absence of objection by a party who has an interest which would support an objection. The amount paid to the attorney for the bankrupt in a composition is not taken from the estate but paid by the bankrupt. There is no claim presented here that the amount paid is unconscionable, nor is there complaint by any of the parties, who are in a position to object, as to the amount. The effect of the District Court's ruling would be to return $250 to the bankrupt, not to the creditors. The bankrupt seems content to pay the amount of $750 as agreed. The court should not interfere with a contract between the bankrupt and the appellant, since there is no evidence of overreaching or unconscionable conduct in arriving at this sum.

■ The composition, when confirmed, results in the dismissal of the bankruptcy proceedings, and title to his property thereupon revests in the bankrupt. Section 70 (f), 11 USCA § 110 (f). An application to confirm a composition is not a part of the administration of the estate. In re Fogarty, 187 F. 773 (C. C. A. 7). The attorney's fees are not taken out of the composition fund; they are paid by the bankrupt for the services rendered to him. Allowances made to attorneys under the provisions of the Bankruptcy Act, § 64b (3, 7), 11 USCA § 104 (b) (3, 7), are only for such services as aid in the administration of the estate, but, as to such services rendered to the bankrupt in connection with the exemptions, discharge, or composition, the courts have held that they cannot undertake to fix these charges, for

it is a matter of contract between the bankrupt and his attorney to be paid for from sources other than the estate in bankruptcy. Matter of Bohrman (D. C.) 224 F. 287; Matter of Hammel (D. C.) 211 F. 238; In re O'Hara (D. C.) 166 F. 384; In re Brundin (D. C.) 112 F. 306; Collier on Bankruptcy (13th Ed.) p. 1367. Ordinarily there is freedom of contract between the attorney and client. Supervision, of course, may be exerted where there is a statutory provision therefor, but the right to contract freely for professional services otherwise is well established. Rodkinson v. Haecker, 248 N. Y. 480, 162 N. E. 493; Matter of Fitzsimons, 174 N. Y. 15, 66 N. E. 554.

Since the court below certified that the composition fund offered to the creditors was for the best interest of the creditors and that the requirements of section 12 of the Bankruptcy Act had been complied with, it had no jurisdiction over the matter of the fee agreed upon between the bankrupt and his attorney. To interfere therein would be an interference with the contract of employment between them. The order is modified so as to strike out the reduction of $250 from the $750 provided for in the composition proceeding.

Order modified accordingly and affirmed.