### In re DORNBUSH.

No. 23009.

District Court, E. D. New York.

Jan. 5, 1933.

Meyer Marlow, of New York City, for alleged bankrupt.

MOSCOWITZ, District Judge.

On August 31, 1932, an involuntary petition in bankruptcy was filed against the above-named alleged bankrupt. The alleged bankrupt was engaged in the business of conducting a retail department store, and had liabilities of approximately $235,000.

The alleged bankrupt's attorney claims that, in order that negotiations could be had with all of the creditors for the purpose of effecting a composition, it was necessary that a secretary of the creditors' committee be authorized, on behalf of the committee, to communicate with all of the creditors with a view toward procuring their proofs of claim and acceptances of the terms of composition.

The creditors' committee appointed Mr. Marvin W. Clark, an employee of the Credit Clearing House Adjustment Corporation, as secretary of the creditors' committee. It was agreed between Mr. Clark and the creditors' committee and the alleged bankrupt that Mr. Clark should be paid the sum of $850 for his services and disbursements, and a statement to that effect is in the offer of composition made by the alleged bankrupt.

The attorney for the alleged bankrupt states that Mr. Clark's work was performed in a most efficient manner, that Mr. Clark communicated with all of the creditors, interviewed a great number of them, and carried on extensive correspondence with the creditors, and that, due to his labors, the alleged bankrupt was able to obtain an overwhelming majority of the creditors to accept a composition offer. The referee in his report recommended the payment of said sum to Mr. Clark.

On November 11, 1932, after due notice to the creditors, the confirmation of the composition appeared on the calendar of this court, and no creditor appeared in opposition to the offer of composition. An order was thereupon submitted to this court confirming the composition. The order as presented was signed, with the exception that a provision was inserted to the effect that the court refused to authorize the said payment to Mr. Clark.

Counsel for the alleged bankrupt submitted a memorandum questioning the court's power in this respect. Attorneys' fees in composition proceedings are not regulated by

the Bankruptcy Act. The question of fees between attorney and bankrupt is a matter of contract. This question has been carefully considered by Judge Manton writing for the Circuit Court of Appeals for the Second Circuit, in Re Hollis Lumber Co., 55 F.(2d) 898, 899. Judge Manton decided: "But such services as contemplated within these sections deal only with the matters of ordinary administration of the bankrupt's estate. They do not include allowances made to attorneys for services where composition is allowed. In such cases, the attorneys' fees are not regulated by any provision of the Bankruptcy Act (11 USCA)."

And in the same case: "Allowances made to attorneys under the provisions of the Bankruptcy Act, § 64b (3, 7), 11 USCA § 104 (b) (3, 7), are only for such services as aid in the administration of the estate, but, as to such services rendered to the bankrupt in connection with the exemptions, discharge, or composition, the courts have held that they cannot undertake to fix these charges, for it is a matter of contract between the bankrupt and his attorney to be paid for from sources other than the estate in bankruptcy. Matter of Bohrman (D. C.) 224 F. 287; Matter of Hammel (D. C.) 211 F. 238; In re O'Hara (D. C.) 166 F. 384; In re Brundin (D. C.) 112 F. 306; Collier on Bankruptcy (13th Ed.) p. 1367."

It appears, therefore, that there is no provision of law regulating the fees to be paid to attorneys in composition proceedings where an agreement has been had between the attorney and the bankrupt, in the absence of fraud or of objection by the creditors. Likewise there is no provision of law with respect to the payment of a fee to a secretary of a creditors' committee. The right to payment of a fee to an attorney or of the fee to a secretary to a creditors' committee is one based upon contract.

In this case no objections were raised by the creditors, and apparently the composition is for the best interest of the creditors and the bankrupt. This proposed fee to be paid to Mr. Clark had been disclosed to all of the creditors, and they have had an opportunity to urge any objection that they may have had to the same, but evidently they are content.

Where the creditors have had notice of the fee, and they raised no objection, and where the fees are not unconscionable, and there is no such contention here, the court has no jurisdiction except to confirm the composition as offered and to authorize the payment of the fees as agreed and deposited. To do otherwise would be to interfere with the right of contract. In re Hollis Lumber Co., supra. In re Siegel (C. C. A.) 256 F. 226.

The order of composition disallowing the payment to Mr. Clark, dated November 14, 1932, may be resettled in accordance with the terms of this opinion.