## In re MICHEL.

### (District Court, E. D. Wisconsin. May 1, 1899.)

BANKRUPTCY—COSTS—FEE TO ATTORNEY OF INVOLUNTARY BANKRUPT.

Under Bankruptcy Act 1898, § 64, authorizing the allowance of a reasonable attorney's fee "to the bankrupt in involuntary cases while performing the duties herein prescribed," a reasonable fee may be allowed to the attorney of an involuntary bankrupt for his services in drawing the schedules and making copies of the same, and also for attending the bankrupt upon the latter's examination before the referee.

In Bankruptcy. On question certified by referee in bankruptcy.

The referee's certificate was as follows:

I, D. Lloyd Jones, one of the referees of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me the following question arose pertinent in the said proceedings:

This is a case of involuntary bankruptcy. On the 7th day of April, 1899, Edward S. Bragg, attorney for the above-named bankrupt, presented to me for allowance his bill for services rendered to the above-named bankrupt, which bill is hereto annexed, and accompanied by a petition of said Edward S. Bragg, praying for an order to the trustee herein, requiring him to pay the same out of the proceeds of the estate of the said bankrupt. The items charged for by the bankrupt's attorney were as follows:

1899.  Jan. 22.  Drawing schedules, etc.
    Jan. 24.  Making three copies.
    Jan. 25.  Completion and verification of copies.
    Feb. 15.  Attendance at Milwaukee, before referee, expenses.
    Feb. 22.  Attendance before referee, expenses.

I am in doubt as to the extent of my authority in passing upon or allowing such bill. Section 64 of the bankrupt act authorizes the payment of one reasonable attorney's fee "to the bankrupt in involuntary cases while performing the duties herein prescribed." The gross assets, as I am informed in this case, amount to between nine hundred and one thousand dollars; and the debts proved against the estate amount to over sixty-nine hundred dollars. The examination of the bankrupt, held before me, occupied a portion of two half days. Being in doubt as to my authority to allow for services of a bankrupt's attorney in excess of the services for drawing schedules, I certify this question to the court for its opinion and instructions thereon.

E. S. Bragg, in pro. per.

SEAMAN, District Judge. Section 64 prescribes the expenses which are "to be paid in full out of the bankrupt's estate," including under "(3) the cost of administration" one reasonable attorney's fee for professional services actually rendered "to the bankrupt in involuntary cases while performing the duties herein prescribed." And section 7 enumerates the duties which are imposed upon the bankrupt when either class of petition is filed. The bankrupt is entitled to the benefits of counsel for the performance of each of the several acts named, and I am of opinion that the referee is empowered to make and adjust the allowance accordingly, based upon all the circumstances, and having regard to reasonableness, both in the extent of services and their value."