## In re KROSS.

(District Court, S. D. New York.   October 5, 1899.)

1. BANKRUPTCY—ATTORNEYS' FEES IN VOLUNTARY CASES.

> Under Bankruptcy Act 1898, § 64, subd. b, par. 3, the attorney of a voluntary bankrupt may be allowed a fee, payable out of the estate, for such professional services as were necessary to enable the bankrupt to bring his case properly before the court, secure an adjudication and reference, surrender his estate, and perform his duties for the benefit of creditors, and receive his discharge if entitled to it. The fee is not necessarily to be restricted to such services as were specially beneficial to the estate, or rendered primarily in its interest.

**2. SAME—SERVICES OF COUNCIL.**

Fees allowed out of an estate in bankruptcy for services rendered to the bankrupt as counsel should be confined to services rendered during the bankruptcy proceeding proper, excluding previous consultations or advice, and should not include compensation for any unnecessary attendance as counsel at examinations or other hearings, nor for services rendered to the bankrupt in litigation over the question of his discharge, unless where such aid to the bankrupt became necessary without any fault or misconduct on his part.

**3. SAME—AMOUNT OF ALLOWANCE.**

In simple cases of voluntary bankruptcy, with small assets and few creditors, and no opposition running into substantial litigation, $30 will be a reasonable fee to be allowed to the bankrupt's attorney for professional services rendered up to the application for discharge, with a docket fee of $20 for procuring the discharge, when there is no substantial opposition to its being granted. This allowance may be increased when the assets of the estate are large, or its condition involved, or creditors very numerous, or the proceedings complicated, and still further increased in contested cases.

In Bankruptcy. On hearing of a question certified by the referee as to the allowance of a fee to the bankrupt's attorney.

Otto H. Droege, for bankrupt.

BROWN, District Judge. The question has been certified to me by the referee in charge of the above case, whether an attorney's fee should be allowed and paid out of the assets to the bankrupt's attorney under section 64, subd. b, par. 3, in the absence of any special benefit of those services to the estate. Ex parte O'Connell, 92 Fed. 889. The act of 1867 contained no such provision.

The practice has obtained to some extent among the referees in this district, to allow an attorney's fee in such cases, and this practice seems to me to be in accordance with the intent of the act. The "necessary cost of preserving the estate" is provided for by paragraph 1, which is not only separate from paragraph 3, but has a higher order of priority of payment than paragraph 3. When the services of the bankrupt's attorney have been necessarily sought and rendered in getting in or preserving the estate, they are included in paragraph 1, and are entitled to that priority of payment. The further provisions of paragraph 3 must be designed for something different; and nothing in this paragraph indicates that the attorney's fee there provided for is to be restricted to services beneficial to the estate or rendered primarily in its interest. On the contrary, it is stated to be "for professional services actually rendered * * * to the bankrupt." This shows that what is contemplated is a service rendered primarily to the bankrupt rather than to his estate; while it is also equally a benefit to creditors by putting the estate in course of an equal distribution in bankruptcy without still greater expense to them. Its association also with the allowance of a similar fee "for services rendered to the petitioning creditors," in involuntary cases, as well as for services "to the bankrupt" in such cases, while performing the duties prescribed by the act, indicates a common purpose, and that there should be no such distinction as to allow the fee in the one class of cases and exclude it in the other. Among the first and most im-

96 F.—52

portant duties specially enjoined by the act upon the bankrupt in involuntary cases that presumably require an attorney's services, are those stated in paragraph 8 of section 7, viz.: the preparation and filing of schedules of his property and creditors, with all the particulars there specified. In voluntary cases, the same schedules are required to accompany the petition; and ordinarily bankrupts are unable to prepare such papers properly, or to comply with the rules and orders pertaining thereto, except by the aid of a professional attorney. This clause of paragraph 3, therefore, indicates the general nature of the services for which a fee is designed to be allowed; viz. those professional services which presumably are necessary and indispensable to the bankrupt to enable him to perform the duties required of him by the act for the benefit of creditors on the one hand, or to secure his own correlative right to a discharge on the other.

The circumstance that the allowance of this fee is associated with "the cost of administration," seems to me of little or no adverse weight. Strictly and narrowly construed, the words "cost of administration" might not alone include such a fee, but be restrained to the expense of handling the estate, converting it into money, and distributing it. But paragraph 3 evidently means to enlarge the scope of this clause by adding, that it shall "include one attorney's fee for services actually rendered to the petitioning creditors * * * or to the bankrupt in voluntary cases." Such a charge is, moreover, germane to the subject, and if not strictly a part of the "cost of administration," is so closely akin to it as to be fairly included in the same order of preferred expenses; since the court cannot administer an estate without acquiring jurisdiction over it, and jurisdiction can only be acquired through a voluntary or an involuntary petition, for either of which an attorney's services are ordinarily indispensable.

This construction is further sustained by subdivision d of section 60, which provides that the "payment of money or transfer of property to an attorney or counselor for services to be rendered in contemplation of the filing of a petition by or against a person * * * shall be re-examined by the court * * * and held valid only for a reasonable amount to be determined by the court, the excess to go to the trustee."

While by the general terms of the act, the debtor is required to turn over all his unexempt property to the trustee, an exception is here created in favor of an attorney, to a reasonable amount, for services to be rendered to the debtor in bankruptcy; although this is valid so far only as subsequently approved by the court. The charges to be "approved" are, I cannot doubt, for the same services which the "fee" is designed to be allowed for under section 64, subd. b, par. 3. Both paragraphs are to be construed together, so that it becomes immaterial in the result whether the attorney obtains his compensation in the first instance from the bankrupt under section 60, refunding what, if anything, is disallowed by the court, or whether he waits for an allowance by the court under section 64. The latter is evidently the more convenient and

desirable practice; and considering that prior payment for an attorney's services to the bankrupt is expressly allowed by section 60, I cannot agree to any such construction of the act as would deprive the attorney of a proper compensation for a necessary service, merely because he did not take it out of the estate at his own estimate in advance.

I have already stated the general nature of the services which I think are designed to be covered by the allowance. In voluntary cases they are such as are indispensable to enable the bankrupt properly to bring his case into bankruptcy, surrender his estate, and perform his duties for the benefit of creditors on the one hand; and to receive his discharge, if entitled to it, on the other. Section 64 speaks only of an attorney's fee; while section 60, subd. d, uses the word "counselor" also. The services contemplated by both are doubtless for the most part those of an attorney only, as distinguished from the services of "counsel." They include the preparation of the necessary legal papers, procuring the adjudication and reference, bringing the debtor before the referee for such subsequent proceedings as may be required, making in due time the application for discharge, attendance before the judge and referee, as may be needful, and throughout the proceedings keeping himself informed of their progress and giving such attention to the essential steps in the bankrupt's behalf as will secure to him a regular and valid discharge. These are the ordinary attorney's duties.

I am not prepared to say, however, that services as counsel in aid of the bankrupt in litigations over his discharge are to be wholly excluded, when such aid has become necessary without the fault or misconduct of the bankrupt himself. Considering that all attorneys in this country are counselors also, and that the latter term is used in section 60, I should not be inclined to construe the words "attorney's fee" in section 64 in the narrowest and strictest sense, so as to exclude necessarily such services by counsel as were really required. But, for obvious reasons, claims on this ground should be admitted only most sparingly and with great caution; and they should be confined to services during the bankruptcy proceeding itself, excluding previous consultations or advice, as well as all unnecessary attendance as "counsel" in the course of the proceeding.

Ordinarily I cannot regard attendance by counsel for the bankrupt at all the various examinations as necessary. The restraints on discharge being confined to acts either criminal or most plainly fraudulent and wrong, the honest and straightforward debtor has rarely need of "counsel," unless falsely attacked, when professional aid may become proper and necessary, and should then be compensated. There is often, however, too much interference and objection by the bankrupt's attorney in the ordinary examinations in behalf of creditors, which operates in every way injuriously. "Services" of this kind should of course be ignored; and the much more common "service" in aiding the bankrupt to conceal, justify or extenuate questionable acts or transactions, must be equally excluded; since it is not "reasonable," under section 60 or section 64, to charge the estate, to the detriment of creditors, for services in extricating

or endeavoring to extricate or shield the bankrupt from difficulties caused by his own questionable conduct.

In the simpler class of cases, to which as I understand the present case belongs, where the creditors are not numerous and the assets are small, and with no opposition running into any substantial litigation, $30 may be fairly adopted as ordinarily a reasonable attorney's fee for the first branch of the proceedings; and an ordinary federal docket fee of $20 be allowed in addition for the second branch of the proceeding in procuring the bankrupt's discharge, where that has been obtained without any substantial opposition. Where the creditors are very numerous, or the assets large, or the situation of the estate or the proceeding itself is more complicated, as in co-partnership cases, the allowance should be larger, according to the greater labor and care involved; while in contested cases a further allowance may, I think, be granted for such services as the referee shall find were necessary, subject to the qualifications above stated. In the present case an attorney's fee may, therefore, be allowed.