### In re O'CONNELL.

(District Court, S. D. New York. December 4, 1899.)

BANKRUPTCY—ATTORNEY'S FEE IN VOLUNTARY CASES.

In a case of voluntary bankruptcy, where no assets were scheduled, and the only money in the trustee's hands was recovered by him through a suit to set aside fraudulent conveyances by the bankrupt; where the case was free from special difficulties, and the discharge not contested; and where the bankrupt's attorney had received from the bankrupt's brother a larger fee than would ordinarily be allowed by the court out of the estate,—*held*, that the court would not authorize the payment of a fee to such attorney out of the funds so recovered and held by the trustee.

In Bankruptcy. On application for allowance of a fee to bankrupt's attorney.

William D. Tyndall, for petitioner.
Edward J. Welch, for trustee.

BROWN, District Judge. The attorney for the bankrupt in a voluntary proceeding applies for an allowance for counsel fee out of the assets under Bankr. Act, § 64b, subd. 3. The schedules showed no assets. The case presented no difficulties except those of the bankrupt's own creating and the specifications in opposition to the discharge were not followed up, and the discharge was finally granted by default. It further appears by the opposing affidavits that the brother of the bankrupt paid to the attorney a sum exceeding what in such a case would ordinarily be allowed by the court in addition to disbursements (In re Kross [D. C.] 96 Fed. 816); and that the only

assets now in the trustee's hands are those recovered by the trustee through an action to set aside prior fraudulent conveyances by the bankrupt. The permissive authority given to the court by section 64 to allow a reasonable attorney's fee would be misapplied in granting the application under such circumstances. Assets recovered from fraudulent transfers of the bankrupt ought not to be depleted for his benefit.

The motion is denied.