## In re MORRIS.

(District Court, E. D. North Carolina. November 21, 1903.)

1. BANKRUPTCY—ATTORNEY'S FEE—SCHEDULING AS UNSECURED CLAIM—EFFECT.
   Where the attorney representing a bankrupt schedules a claim for a fee as an unsecured debt having priority by agreement, it will be treated as such, and not allowed as a priority, though Bankr. Act July 1, 1898, c. 541, § 64, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], enacts that the attorney's fee provided for is a priority to be paid in full, the allowance of which is within the discretion of the judge.

2. SAME.
   The allowance of an attorney's fee in bankruptcy is in the discretion of the judge, and payments of fees in contemplation of bankruptcy are valid only in so far as subsequently approved by the court.

In Bankruptcy.

·PURNELL, District Judge. This matter coming on to be heard, and being heard upon the affidavit of Donnell Gilliam, Esq., and upon the recommendation of Jas. R. Gaskill, a referee in bankruptcy, to whom the cause was referred, that an attorney's fee of $50 be allowed said attorney.

In the petition and schedules there appears an attorney's fee of $200, as an unsecured debt, having priority by agreement. A petition asking for the allowance of an attorney's fee of $200, under the act of July 1, 1898, c. 541, § 64, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], was filed, and refused by the judge. Under this section, the attorney's fee provided for is a priority to be paid in full, the allowance of which is in the discretion of the judge. It would be irregular, as the bankrupt and attorney have seen proper to schedule this claim as an unsecured debt, to take it out of the class in which they have placed it, and order it, or any part of it, to be paid as a priority. If it is a debt as scheduled, it must be so proved and allowed as other debts are proved and allowed, and claimant would be allowed the dividend declared on the class of debts to which his claim belongs, and no more, no less. He cannot schedule it as an unsecured debt, and then claim it as a priority. This court has, by rule, fixed the maximum fee in voluntary proceedings, where there is no unforeseen litigation or extraordinary services, at $50, as in this proceeding there has been none. In re Carr & Co. (D. C.) 117 Fed. 572. The entry of $200 in the schedules was in violation of this rule. Under any circumstances, the allowance of an attorney's fee is in the discretion of the judge, and payments of fees in contemplation of bankruptcy are valid only in so far as subsequently approved by the court. In re Kross, 3 Am. Bankr. R. 189, 96 Fed. 816; Collier (3d Ed.) 373. This court has had occasion in many cases to consider the question of allowance to attorneys, and, it is probable, expressed some impatience at being plagued and harassed by unreasonable requests to exercise the discretion conferred by the bankruptcy act. But the court has established rules, and adhered to them strictly. In voluntary cases, these views are expressed in Re Smith, 5 Am. Bankr. R. 559, 108 Fed. 39. In involuntary cases, in Re Carr & Co., supra, to which the attention of referees and attorneys practicing before them is again called. The application for attorney's fee in the case at bar does not comply with the rule, and the attorney having elected to schedule it as an unsecured debt in violation of the rule at this time—the dividend sheet not being before the .court—it would be improper to take it out of its ·class and allow it as a priority.

The order asked for is refused.