## In re CHRISTIANSON.

### (District Court, D. North Dakota. January 4, 1910.)

BANKRUPTCY (§ 482*)—ATTORNEY'S FEES—AMOUNT OF ALLOWANCE.

The fees allowable to the attorney for a voluntary bankrupt under Bankr. Act July 1, 1898, c. 541, § 64b (3), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), include payment for services reasonably necessary to aid the bankrupt in performing the duties required of him by the act, and in securing the benefit of its provisions and obtaining his discharge, if entitled to one; the amount of such allowance to be in all cases reasonable, in view of the services required and the amount of the estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 482.*]

In Bankruptcy. In the matter of John W. Christianson, bankrupt. On review of order of referee. Modified and affirmed.

C. E. Pierson, for bankrupt.

Le Sueur & Bradford, for trustee.

AMIDON, District Judge. This cause comes before the court upon a petition to review the order of John H. Lewis, referee, bearing date on the 29th day of October, 1909. The order arose out of the following facts:

The bankrupt, at the time of filing his petition, paid to Mr. C. E. Pierson, an attorney at law, $150 as attorney's fees for services to be rendered the bankrupt in this proceeding. The fact of the payment was disclosed in the examination of the bankrupt at the first meeting of creditors. Thereafter the trustee filed a petition for an order upon Mr. Pierson to show cause why he should not be required to return the whole or a part of the sum so paid to him. Mr. Pierson made return to such an order, and an examination was had before the referee. Both at the hearing and in his order the referee held that the attorney could only be allowed to retain a reasonable compensation for such services as were "of benefit to the estate"; that no compensation could be allowed for services rendered to the bankrupt to enable him to secure the benefit of the bankrupt law. I think this was a misapprehension of the authorities, and of the provisions of the bankrupt law on the subject of attorney's fees. The rule cited by the referee is the rule applicable to the compensation of attorneys acting on behalf of one or more creditors prior to the election of a trustee. When an attorney so acting performs services in the protection of the estate and the rights of creditors, which are beneficial to the estate, a reasonable compensation may be allowed to him. This compensation is confined to services that are beneficial to the estate. Such, however, is not the rule in regard to the compensation of an attorney who acts on behalf of a bankrupt. The rule in that case is accurately stated by Judge Brown in the case of In re Cross (D. C.) 96 Fed. 816, 819, as follows:

"I have already stated the general nature of the services which I think are designed to be covered by the allowance. In voluntary cases, they are such as are indispensable to enable the bankrupt properly to bring his case into bankruptcy, surrender his estate, and perform his duties for the benefit of creditors on the one hand, and to receive his discharge, if entitled to it, on the other. * * * They include the preparation of the necessary legal papers,

---

procuring the adjudication and reference, bringing the debtor before the referee for such subsequent proceedings as may be required, making in due time the application for discharge, attendance before the judge and referee as may be needful, and throughout the proceedings keeping himself informed of their progress, and giving such attention to the essential steps in the bankrupt's behalf as will secure to him a regular and valid discharge. These are the ordinary attorney's duties."

This case is cited with approval by the Circuit Court of Appeals of this circuit in the case of In re Habegger, 139 Fed. 623, 71 C. C. A. 607. An examination of the statement of facts in that case will show that the rule above declared was enforced by both the trial court and by the Circuit Court of Appeals.

The bankruptcy act contemplates that the bankrupt will turn over to the trustee all his property, except his exemptions. Those exemptions are allowed by the law out of high considerations of public policy for the welfare of the debtor and his family. He is not required to devote any part of them to the payment of his attorney for services reasonably necessary to aid him in performing his duties under the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), and securing the benefit of its provisions. Section 64b, subd. 3, and section 60d, provide for the payment for such services out of the estate, and, in case they are not paid by the bankrupt himself prior to turning over his property, make them a preferred claim against the estate. The limit both of the services and of the compensation is that they shall be "reasonable." The services are not confined to those which are beneficial to the estate, but embrace those which are reasonably necessary to enable the bankrupt to perform his duties under the act and secure the benefit of its provisions. It should not be forgotten that the bankruptcy act is for the benefit of the bankrupt as well as his creditors. It is no less concerned that he shall be discharged from the burden of his debts than that he shall turn over all his property except his exemptions for the benefit of his creditors. To perform his duties and to secure the benefits of the act, it is indispensable that he shall have the aid and advice of an attorney, and the act makes provision for the payment for services so rendered out of the estate in terms that are too plain for controversy. All courts will agree to the wisdom of the observations made by Judge Brown at page 819 of 96 Fed., in his opinion, wherein he points out the services for which compensation may properly be awarded. It cannot include services performed in an attempt to aid the bankrupt in cheating his creditors, or evading any of the provisions of the act intended for their protection. It does not seem to me, however, wise to attempt to lay down any absolute fee bill for attorneys performing services in bankruptcy. The same considerations which define the reasonableness of attorney's fees in other cases are applicable here. The amount of the estate, the complexity of the bankrupt's affairs, the time reasonably devoted to the service, the standing and experience of counsel—these are all proper elements to be taken into consideration in estimating the reasonableness of attorney's fees in such cases. It would be unwise both for creditors and bankrupts to make the compensation so parsimonious that attorneys of standing and experience would be reluctant to

act on behalf of bankrupts. If, however, the sums mentioned in the opinion by Judge Brown are to be applied by a hard and fast rule to all cases, and counsel who accept from bankrupts a larger sum are to be exposed to a citation to return the money to the trustee, and the reflection arising from the fact of receiving as attorney's fees sums forbidden by law, the result cannot fail to deter attorneys of reputation and standing from acting on behalf of bankrupts. The fees are always subject to revision by the court, and they should be fixed with a view to the general scheme of the present bankruptcy act, to save the estate from being dissipated in the costs of administration. But, after taking into consideration this feature of our bankruptcy act, the reasonableness of attorney's fees should be ascertained by the same rules in bankruptcy as in other cases.

In the present case the referee allowed the attorney $25 for preparing the schedules, and $10 for attending the first meeting of creditors. From the statements contained in his opinion, this would seem to be a reasonable compensation for the services rendered. The bankrupt, however, will need the services of his attorney in making application for his discharge and looking after his rights upon that hearing. For this he is entitled to at least $20, and in naming this sum I do not intend to impose an absolute limitation, because it is impossible to state at this time the amount of services which the bankrupt may need. If the services reasonably exceed the compensation here fixed, the attorney will be at liberty to apply to the referee for a further allowance.

The referee ordered Mr. Pierson to return $115. That order is so modified as to require Mr. Pierson to return only the sum of $95, and, as thus modified, it is affirmed.