# IN THE MATTER OF FRANCIS LEVY OUTFITTING COMPANY, LIMITED.

## November 27, 1912.

1. *Bankruptcy—Attorneys fees of creditors' counsel, how determined:* The fees of attorneys for petitioning creditors in proceedings in involuntary bankruptcy are to be determined by the condition of the estate, as one of the main considerations,—i.e., by the results effected, the assets saved.

2. *Same—Same—No fees for services necessitated by own negligence:* Attorneys for the creditors are not entitled to a fee for arguing in opposition to a motion to quash growing out of an error of the clerk of court in fixing the return day, which error might by due diligence have been mitigated by the attorneys' early efforts. Nor are they to be allowed a fee for effecting amendments to the petition necessitated by their own oversight. Nor for arguing a motion due to their neglect to file a replication.

3. *Same—Attorney's fees of bankrupt's counsel—For contesting proceedings—For attending creditors' meetings:* The attorney for an involuntary bankrupt is not allowed a fee for contesting a petition for adjudication of bankruptcy. Nor is he allowed a fee under the circumstances of this case for merely attending a first meeting of creditors where it does not affirmatively appear that his presence was of any aid to the bankrupt in performing the duties prescribed by law. Bankruptcy Act, sec. 64, applied.

*In Bankruptcy:* Petition for attorneys' fees.

*F. E. Thompson* (*Thompson, Wilder, Watson & Lymer* with him) for petitioning creditors.

*C. F. Peterson,* attorney for bankrupt, in person.

CLEMONS, J. Two petitions for attorneys' fees are before the court, one by the attorneys for the petitioning creditors, the other by the attorney for the bankrupt.

The services of the creditors' attorneys have been:

"Drawing and filing creditors' petition;

"Appearance in court and argument on motion to quash subpoena and service;

"Drawing and filing motion to amend petition;

"Appearance in court and argument on motion to amend petition;

"Appearance in court and argument on motion to vacate and set aside special warrant and motion for order for dismissal of suit;

"Drawing and filing replication;

"Drawing and filing notice to admit facts;

"Drawing and filing motion to amend notice to admit facts;

"Drawing and filing further notice to admit facts;

"Drawing and filing petition for sale of perishable property;

"Appearance in court and argument on petition for sale of perishable property;

"Appearance in court at adjudication."

These services, excepting the items noted below, are proper foundation for an attorney's fees. In support of the petition the testimony is that they are worth $250 in view of the care and time involved, but that in view of the condition of the estate $100. would be fair and reasonable. The trustee's report shows "accounts collectable" of the nominal value of about $2,000. and of the appraised value of $300, being in small amounts and many so old that their actual value is questionable; diligent efforts, which appear to have about exhausted the possibilities, have yielded only $126.40 net above expenses of collection. This report shows the bankrupt's choses in possession to have yielded at auction sale net proceeds of $144.40, and the bankrupt's cash in bank now in the hands of the trustee to be $224.10. These assets, less expense of preserving the estate, aggregate $451.90, out of which must come court costs and other expenses amounting to $144, incurred in procuring the adjudication, leaving $307.90 for the creditors, subject to deductions for attorneys' fees, commissions of referee and trustee, and small expenses of closing the administration. The aggregate of proved claims is $1,912.27, distributed among sixteen creditors, the minimum claim being $15.79 and the maximum $458.80.

[2] The services of the creditors' attorneys are all worthy of compensation out of the estate, with the exceptions of the second, third, fourth and fifth items, supra. The services under item second, argument of motion to quash, may not be charged against the estate, as the motion was held well taken, ante, p. 84, over the objection of the creditors' attorneys, because of an error for which these attorneys are technically responsible although it grew out

of the miscalculation of one of the clerks of court in reckoning the return day: an attorney may, fairly, be presumed to know the return day written in the process by the clerk, and knowing the day to have been erroneously fixed, he is responsible for its prompt amendment so as to avoid dilatory motions of the opposition. However, it is not intended hereby to lay down any general rule, that the attorney may in no case charge for services for defending attacks made upon faulty proceedings due to the error of a clerk or officer of court to whom the attorney has entrusted a matter for action within the authority of the clerk or officer; but only to hold that where, as here, the attorney in the usual course of diligence must know what has been done by the clerk or officer, and can mend matters by slight effort, he may not suffer the disease to run its course and then have a fee for its belated and expensive cure. Under the palliating circumstances, these observations, though called for, are more for the guidance of the bar to a high degree of responsibility in future than in criticism of counsel here.

The services in amendment of the petition, items third and fourth, may not be paid for out of the estate, as the amendment was necessitated by an oversight of the attorneys themselves. Similarly, the services under item fifth, argument on motion to vacate, grew out of their failure to file replication, and cannot be allowed for.

[1] In spite of adverse conditions and the bankrupt's keen and technical opposition, the prompt and persistent action of the creditors' attorneys have been successful in saving what assets there are, and, so far as appears, no other assets could have been saved. With the testimony that, considering purely the care and time involved, the services are worth $250, I do not agree—at least in any practical view; for such fees must depend upon the condition of the estate, as one of the main considerations—i. e., upon the results effected, the assets saved. 2 Remington on Bankruptcy, secs. 2047, 2048. But I am willing to agree with the tes-

timony that $100 would be a fair and reasonable fee for the services itemized in the petition of creditors' counsel, and deducting the items for which, as held above, no compensation is allowable, items two to five inclusive, the fee of these attorneys is fixed at $85.

[3] The attorney for the bankrupt may be allowed only for services in aid of his client's "performing the duties . . . prescribed" for an involuntary bankrupt by the statute. Act of 1898, sec. 64, 30 Stat. 563. *In re Stratemeyer*, 2 U. S. Dist. Ct. Haw. 269; 14 Am. B. R. 120; Collier on Bankruptcy, 9th ed., 844; 2 Remington on Bankruptcy, secs. 2078-2088. Wherefore, the items, which make up most of the list, of services in opposing the petition for adjudication of bankruptcy and the general progress of the proceedings prior to adjudication, are disallowed. The services are itemized in the petition as follows:

"Drawing special appearance and motion to quash, copy and service;

"Attendance and argument of same; (decision sustained motion and new subpoena issued);

"Drawing appearance for bankrupt, copy and service;

"Drawing demurrer, copy and service;

"Argument of same (note: the demurrer was practically confessed by petitioner's motion to amend);

"Argument at motion to amend petition;

"Drawing answer, copy and service;

"Drawing demand for jury trial, copy and service;

"Drawing motion for order of dismissal, copy and service;

"Attendance and argument of same (note: this motion was formally denied but at expense of petitioners, who were permitted to file a replication);

"Drawing admission of facts, copy and service (note: this saved delay and expense of depositions);

"Attendance and argument on petition to sell perishable property;

"Drawing admission of facts and stipulation waiving jury;

"Attendance at dates set for hearing on petition to adjudicate (all except last);

"Attendance before referee at first meeting of creditors."

Of these items the only one which could possibly be considered is that of "attendance before referee at first meeting of creditors." As to that item, there is no showing that the bankrupt's attorney rendered any services of value to the estate by his presence at the meeting; particularly, it does not appear that he there aided the bankrupt in any way in "performing the duties . . . prescribed" by the statute. See *In re Kross,* 96 Fed. 816, 819-820; 3 Am. B. R. 187, 191-192. And it does appear from the referee's minutes in this matter that nothing was done at this meeting but the election of the trustee and the fixing of his bond and that the meeting adjourned to a day certain for the important unfinished business of examining the president of the bankrupt corporation: at this meeting the bankrupt's attorney did not appear, nor on the day to which a further adjournment was had, when this examination finally took place. Had the attorney secured the preparation of the bankrupt's schedules of assets and liabilities, which have not yet been filed, and which the statute requires to be filed by an involuntary bankrupt "within ten days, unless further time is granted, after the adjudication," Act, sec. 7, 30 Stat. 548, that would have been a work of some value to the estate, and assistance of this kind is noted as a good example of what the statute intended in allowing a fee to the bankrupt in "performing the duties . . . prescribed" by law. All that could be allowed for attending the first meeting of creditors in a short session, such as here, and where the attorney was, so far as appears, of no assistance, would be a nominal fee. But under the circumstances, where the attorney did not stay out the meeting through its adjourned session at which important business was had, and has not, so far as appears, done anything to facilitate or encourage the performance of the bankrupt's first and most important duty (next to the physical discovery and delivery of assets) of filing his schedules, I do not feel justified in allowing any

fee whatever. His diligence clearly entitles him to a fee, but he was serving his client the bankrupt and its officers and to them alone must he look for his reward. 2 Remington on Bankruptcy, sec. 2085.

Accordingly: the petition of the bankrupt's attorney is denied; and the petition of the creditors' attorneys granted save as to the items above excepted, and the trustee is directed to pay to the latter from the funds of said estate, the sum of $85.00 as a fee for their services herein.