## In re SECORD.

(District Court, W. D. Washington, N. D. March 9, 1923.)

### No. 6621.

1. **Bankruptcy ⊙⟾482(1)—"Services" for which attorney's fees allowable stated.**
    The "services" contemplated by Bankruptcy Act, §§ 60d, 64b (Comp. St. §§ 9644, 9648), relating to allowances for attorney's fees, are the preparation of necessary legal papers to procure the adjudication and references, and to bring the debtor before the referee for such subsequent proceedings as may be required, and such attendance as may be needful.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Service.]

2. **Bankruptcy ⊙⟾482(1)—When claims for legal services not allowed.**
    Claims for legal services rendered in opposition to bringing the estate before the court, or services performed in an attempt to aid bankrupt in cheating his creditors or evading any provision of the Bankruptcy Act (Comp. St. §§ 9585–9656) intended for their protection, should not be allowed.

3. **Bankruptcy ⊙⟾404(1)—Discharge held absolute personal privilege, if business administration is clean.**
    A discharge is a privilege personal to the bankrupt; which the law gives, and, if applied for within the limit fixed, and bankrupt's business administration is clean, it is granted as a matter of course; but if bankrupt is guilty of any of the acts named in Bankruptcy Act, § 14 (Comp. St. § 9598), discharge will be denied.

4. **Bankruptcy ⊙⟾482(1)—Attorney may be entitled to additional allowance, where charges against bankrupt were baseless, but not when sustained.**
    Where objections to discharge filed by trustee under direction of creditors are baseless and unfounded, an allowance may be justified in addition to the statutory attorney's fee; but, where the bankrupt has been guilty of acts not warranting a discharge, the estate is not chargeable for services of bankrupt's attorney occasioned by bankrupt's wrongful conduct.

5. **Bankruptcy ⊙⟾482(1)—Attorney's fee of $250 held sufficient.**
    A fee of $250 allowed the bankrupt's attorney by the referee *held* ample for all necessary legal services in the administration of the estate, including the application for discharge.

In Bankruptcy. In the matter of Walter Secord, bankrupt. On petition for review of referee's order fixing attorney's fees. Order affirmed.

An involuntary petition in bankruptcy was filed. Respondent was paid "the sum of $1,500 as an attorney fee for services to be rendered in this proceeding, as well as to cover expenses that might be incurred on account of discharge or otherwise." Respondent prepared answer to the petition for the bankrupt, denying the same, except "admitting his inability to pay his debts and his willingness to be adjudged bankrupt on that account." Adjudication followed without trial. "The first eight pages of schedule A–3, naming creditors, giving their addresses and amounts due them, respectively," were typed in the office of the attorney for the receiver of the bankrupt estate, the data being furnished by the respondent. Respondent filed amended schedules thereafter. The assets, exclusive of one automobile and merchandise in storage, were sold by the trustee for $4,149.66. The merchandise in storage was sold for $6,700. Six thousand dollars of this amount and interest was paid to secured claims. Respondent, on behalf of the bankrupt, filed a petition for discharge to which the trustee filed objections upon instructions from the creditors at a meeting directing him to resist the discharge "at the expense of the estate." The trustee filed a petition praying an order directing the respondent to pay to the trustee the sums paid to him at stated times by the bankrupt, including the $1,500. Upon the hearing the referee ordered:

(1) "That the bankrupt made to his said attorney, for services prior to bankruptcy, a payment of $100 September 19, 1923, a further payment of $250 October 17, 1921, and a further payment of $350 November 15, 1921, and that the petition of the trustee as to said payments be and the same is hereby denied, without prejudice to the right of the trustee to institute such suit or suits as he may deem advisable to recover the same in such court or courts as may have jurisdiction thereof."

(2) "In respect to the payment of $1,500 made by the bankrupt to his attorney November 19, 1921, the court finds that said payment was made by the bankrupt to said attorney, and was received by said attorney, for professional services rendered and to be rendered by said attorney to the bankrupt in this involuntary bankruptcy case, and that the amount thereof was and is excessive, and that said fee should be and the same is hereby reduced to the sum of $250, and that said attorney is hereby directed forthwith to pay to the trustee the balance of $1,250, to which the said attorney excepts and his exception is allowed."

A petition for review is presented by the respondent, alleging error on the part of the referee in finding that the payment of $1,500 to cover professional services was unreasonable and excessive, and he erred in directing the payment to the trustee of the sum of $1,250.

McClure & McClure, of Seattle, Wash., for trustee.

Henry W. Parrott and E. L. Wienir, both of Seattle, Wash., for bankrupt.

NETERER, District Judge (after stating the facts as above). [1, 2] The issue is covered by sections 60d and 64b of the Bankruptcy Act (Comp. St. §§ 9644, 9648), which are construed in pari materia. The one requires the court to examine the reasonableness of the attorney fee when it is paid in advance; the other limits the payment to a reasonable fee while performing the duties prescribed by the Bankruptcy Act. The services contemplated are the preparation of the necessary legal papers to procure the adjudication and references, and bring the debtor before the referee for such subsequent proceedings as may be required, and attendances may be needful. In re Kross (D. C.) 96 Fed. 816. Claims for legal services rendered in opposition to bringing the estate before the court should not be allowed. In re Habegger, 139 Fed. 623, 71 C. C. A. 607, 3 Ann. Cas. 276. "It cannot include services performed in an attempt to aid the bankrupt in cheating his creditors, or

evading any of the provisions of the act intended for their protection." In re Christianson (D. C.) 175 Fed. 867.

[3] The discharge is a privilege, personal to the bankrupt, In re Duran Mer. Co. (D. C.) 29 Am. Bankr. R. 450. 199 Fed. 961—a right which the law gives, and, if applied for within the limit fixed, it is granted as a matter of course, if the bankrupt's business administration was clean; but, if guilty of any of the acts named in section 14, of the act (Comp. St. § 9598), supra, discharge will be denied, and, if denied, neither reason nor intent of the act suggests that the estate should be depleted to furnish counsel to attempt to evade the provisions of the Bankruptcy Act intended for the creditors' protection, as well as the bankrupt's.

[4] Where objections are filed by the trustee under the direction of the creditors, which are baseless and unfounded, an allowance might perhaps be justified in addition to the statutory attorney's fee provided by law, to be paid out of the estate; but, where the bankrupt has been guilty of acts not warranting a discharge, the estate certainly could not be charged for services which are occasioned by the willful and wrongful conduct of the bankrupt.

[5] The fee allowed by the referee appears ample for all necessary legal services in the administration of the estate, including application for discharge, In re Christianson, supra; In re Kross, supra; and if the objections are baseless, and the services properly chargeable against the estate exceed the amount allowed, application can be made for further allowance.

The order of the referee is affirmed.