## In re MALKIEL.

District Court, D. Massachusetts. December 10, 1928.

No. 37630.

Louis S. Feingold, of Worcester, Mass., for bankrupt.

BREWSTER, District Judge. The referee's certificate in this case squarely presents the question whether, as a matter of

law, the assets of a bankrupt's estate may be applied to the payment of a reasonable attorney's fee for services rendered the bankrupt in pressing to a successful conclusion the bankrupt's application for a discharge.

According to the referee's certificate, objections to the bankrupt's discharge were filed, alleging as a ground for opposition that the bankrupt had obtained money, or property, on credit upon a materially false statement in writing made by him to the creditor for the purpose of obtaining credit.

The referee found that the false statement was given, but that the bankrupt obtained no property or money on credit, as alleged, and recommended that the discharge be granted.

The Bankruptcy Act as now amended provides that "one reasonable attorney's fee, for the professional services actually rendered * * * to the bankrupt in voluntary and involuntary cases, as the court may allow," shall have priority in advance of payment of dividends to creditors. Bankruptcy Act, § 64b(3); 11 USCA § 104 (b) (3).

The courts of other jurisdictions have not been in entire accord as to the propriety of allowing, under this section, compensation for services rendered the bankrupt in connection with his application for a discharge. Some of them have disallowed such compensation, proceeding on the theory that the court ought only to allow compensation for services rendered in aid of the administration of the estate. Collier on Bankruptcy (13th Ed.) p. 1336; In re Brundin (D. C.) 112 F. 306; In re Duran Mercantile Co. (D. C.) 199 F. 961.

On the other hand, attorneys have been paid out of the estate for services rendered the bankrupt in the course of the proceedings, which could not be said to have benefited the estate. Matter of Perlhefter & Shatz, 25 Am. Bankr. R. 586.

And compensation for services rendered in obtaining the bankrupt's discharge has been recognized as a proper subject for priority payment. In re Kross (D. C.) 96 F. 816. In re Christianson (D. C.) 175 F. 867.

In fixing the amount of the compensation to be awarded the bankrupt's attorney, the court is limited rather by the proprieties of the case than by any express terms of the statutes. I would hesitate to lay down the hard and fast rule that under no circumstances would the bankrupt's attorney be entitled to compensation for what he did in assisting his client to secure his rights under the bankruptcy laws.

I take the more modern view to be that the bankruptcy laws of this country, not only aim to distribute equitably among the creditors of an insolvent debtor all his assets not exempted by law, but also to free an honest bankrupt from the burden of his liabilities. If frivolous or unsubstantiated objections to his discharge were filed, and the bankrupt had turned over to his creditors all of his assets, he might be helpless to secure his rights under the act, if he were unable to invoke the assistance of an attorney. I do not think it is too much to say that the intent of section 64b (3) was to apply out of the estate a sufficient sum to enable the bankrupt to secure the benefits which the act conferred upon him. This view is entirely consistent with those cases that hold that the estate should not be burdened with the expense of defending a bankrupt charged with some violation of the Bankruptcy Law, or in resisting objections to a discharge which are based upon some misconduct of the bankrupt. See In re Mayer (D. C.) 101 F. 695. In re Taylor (D. C.) 280 F. 127.

I think we could well adopt the rule of allowing a reasonable compensation for services rendered the bankrupt in obtaining his discharge, if the referee is satisfied that the bankrupt has turned over to his trustee all of his assets, so far as the law requires him to do so, has in all other respects fully complied with the provisions of the Bankruptcy Act, and has not by his own misconduct furnished grounds upon which objections might be predicated, even though not sustained.

It appears from the certificate of the referee that the bankrupt in the case at bar had made a false statement of his financial condition, and thereby gave rise to possible objections to his discharge. The estate ought not to be burdened with the expense of meeting these objections. The case accordingly is not one that falls within the rule above stated, and the referee's order disallowing the additional compensation to bankrupt's attorney for services rendered relative to his application for discharge is affirmed.

Inasmuch as the matter here involved is one upon which there should be uniformity of practice among the referees and an agreement of opinion among the judges of this district, I have submitted the foregoing to Judges MORTON and LOWELL, who have indicated their approval.