## In re EVENOD PERFUMER, Inc.*

District Court, S. D. New York.
Aug. 22, 1933.

*For opinion affirming order, see —— F.(2d) ——.

Feiring & Bernstein, of New York City, for trustee.

Copal Mintz, of New York City, for bankrupt.

Sylva C. Lachapelle, of New York City, for objecting creditors.

PATTERSON, District Judge.

Gross assets in this estate were about $9,-400, of which $5,835.51 came into the hands of the trustee. The referee recommends the following allowances: $156.75 as commissions to the trustee; $484 to the attorneys for the trustee; $484 to the attorney for the bankrupt.

On reviewing the papers and on consideration of the entire case, I am of opinion that the sum of $313.50, being twice the trustee's commissions, is fair compensation to the attorneys for the trustee, and the allowance to them will be at this figure.

It appears that the bulk of the work done by the bankrupt's attorney was in objecting to the jurisdiction of the bankruptcy court, in applying for the vacating of the receivership, and in resisting adjudication of the bankrupt. These efforts were undertaken in good faith, but all of them were unsuccessful. The allowance recommended by the referee is a reasonable one if such services are compensable out of the assets of the estate. The case therefore raises the question whether the bankrupt's attorney may be given compensation out of the estate for services rendered in good faith in resisting adjudication and otherwise opposing administration of the estate in bankruptcy.

The statutory authority for an allowance to the bankrupt's attorney is section 64b of the Bankruptcy Act as amended in 1926, 11 USCA § 104 (b), to the effect that the court shall allow as a prior claim to be paid in full out of the bankrupt estate "the cost of administration, including * * * one reasonable attorney's fee, for the professional services actually rendered * * * to the petitioning creditors in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary and involuntary cases."

The allowance to the bankrupt's attorney ordinarily covers only work done in promoting the administration of the estate and in assisting the bankrupt to perform his duties, such as drafting and filing the petition, drafting and filing the schedules, attendance at the first meeting, and other services in furtherance of the winding up of the proceedings. In re Michel (D. C.) 95 F. 803; In re Kross (D. C.) 96 F. 816. Services rendered in resisting the bankruptcy proceedings and in opposing adjudication do not fall in this category and may not be paid for out of the bankrupt estate. The attorney's efforts in thus trying to thwart the administration of the estate are of no benefit to the creditors, and for payment he must look elsewhere than to the assets of the estate where such efforts are unsuccessful. See Randolph v. Scruggs, 190 U. S. 533, 539, 23 S. Ct. 710, 47 L. Ed. 1165; Platt v. Archer, 13 Blatch. 351, 354, Fed. Cas. No. 11,214; Pratt v. Bothe (C. C. A.) 130 F. 670; In re Munford (D. C.) 255 F. 108; In re Secord (D. C.) 296 F. 231; Remington on Bankruptcy, § 2720; Collier on Bankruptcy, page 1364. See, also, Culhane v. Anderson (C. C. A.) 17 F.(2d) 559, 560. If bankrupt estates are to be burdened with the expenses of the bankrupt in unsuccessfully resisting adjudication, very little will be left for creditors. To permit an allowance of this character would be to compel the parties who have been adjudged owners of the property to pay the counsel fees of the defeated party.

It is argued that the rule has been changed by the 1926 amendment to 64b. In this amendment the clause "while performing the duties herein prescribed," which formerly qualified the words relative to the bankrupt, was shifted so as literally to qualify the words relative to the petitioning creditors. This change was obviously a slip on the part of the draftsman. The petitioning creditors have no "duties" imposed on them under the act, while the bankrupt has many. The change did not restrict the work for which the attor-

ney for the petitioning creditors might be paid, nor did it enlarge the services for which the attorney for the bankrupt might be paid. See In re Poe (D. C.) 1 F. Supp. 658, 659.

The allowance to the attorney for the bankrupt will therefore be reduced to the sum of $100, to cover the work done by him in preparing the schedules and in otherwise assisting the bankrupt in performing its duties under the Bankruptcy Act.