**In re ROTHMAN et al.**

**GLAZER et al. v. JOLIFFE.**

No. 459.

Circuit Court of Appeals, Second Circuit.

July 13, 1936.

Louis Glazer and Harry A. Bloomberg, both of New York City, pro se.

Charles Seligson, of New York City (Bernard Bayer, of New York City, on the brief), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

Upon an involuntary petition, adjudication was entered, and in due time the bankrupts applied for their discharge. The trustee filed specifications of objection pursuant to authorization by the creditors (11 U.S.C.A. § 32), which were overruled after hearings before a special master. The controversy turned on whether the bankrupts had issued fraudulent financial statements. With the aid of an expert accountant they proved that the financial statements were correct. After the discharge was granted, the bankrupts' attorneys applied for an allowance for their services, their petition stating that about three-fourths of the work related to procuring the bankrupts' discharge. The referee recommended an allowance of $650, which the District Judge reduced to $150 on the ground that no allowance out of the estate was permissible for services relating to the discharge. Disbursements of $100 paid to the accountant, and of $42.30 paid for stenographic minutes in connection with the discharge proceedings, were also disallowed. From the order of the District Court the bankrupts' attorneys have appealed.

No question is raised as to the reasonableness of the sum recommended by the referee, if compensation for work relating to the discharge is permissible, or of the sum allowed by the district judge, if it is not. The controversy raises solely a question of law, namely, whether any fee can be allowed to a bankrupt's attorney for successfully prosecuting an application for discharge over objections filed by the trustee.

Apparently this problem has never been considered by a Circuit Court of Appeals. District Judges have expressed divergent views. The cases of In re Brundin, 112 F. 306 (D.C.Minn.), and In re Duran Mercantile Co., 199 F. 961 (D.C.N.M.), hold that no fee can be allowed out of the bankrupt's estate for services in procuring his discharge. See, also, Remington, Bankruptcy (3d Ed.) §§ 2722, 2726. The opposite view is expressed in Re Kross, 96 F. 816 (D.C.S.D.N.Y.); In re Rosenthal & Lehman, 120 F. 848 (D.C.E.D.Mo.); In re Christianson, 175 F. 867 (D.C.N.D.); In re Goldenberg, 2 F.Supp. 727 (D.C.E.D. Pa.). A middle course between these extremes is suggested in Re Malkiel, 29 F. (2d) 790 (D.C.Mass.), to the effect that compensation for procuring the discharge may be allowed the bankrupt's attorney if the referee is satisfied that the bankrupt has turned over to the trustee all his assets, has in all other respects fully complied with the Bankruptcy Act (11 U.S.C.A. § 1 et seq.), and has not by his own misconduct furnished grounds for objecting to the discharge, even though they are not sustained. See, also, In re Secord, 296 F. 231 (D.C.W.D.Wash.). These divergent views have resulted from different interpretations of the meaning of subdivision 3 of section 64b of the Bankruptcy Act. That subdivision, as amended* [11 U.S.C.A. § 104 (b) (3)] reads as follows: "(3) The cost of administration, including * * * one reasonable attorney's fee, for the professional services ac-

*Prior to the 1926 amendment, the subdivision read: "(3) The cost of administration, including * * * one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases, to the bankrupt in involuntary cases while performing the duties herein prescribed, and to the bank-

rupt in voluntary cases, as the court may allow."

Because of this language a dictum in Re Keller, 207 F. 118 (D.C.S.D.N.Y.) took a distinction between involuntary and voluntary cases in the matter of allowing a fee for procuring the bankrupt's discharge. Most of the decisions have paid no attention to whether the bankruptcy petition was voluntary or involuntary.

tually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary and involuntary cases as the court may allow." If the opening words, "cost of administration, including" an allowance, are interpreted as giving color to the character of the services for which a fee may be allowed to the bankrupt's attorney, it is clear that services relating to the discharge are excluded, for the prosecution of the bankrupt's application therefor is a collateral matter which does not pertain to administration of the estate. While one of the prime purposes of the act is to relieve an honest debtor from the burden of his debts, such relief is a privilege personal to him, which he may seek or not as he pleases, and administration of his estate may be concluded before he has even applied for a discharge.

A somewhat similar problem of construction was before this court in Re Evenod Perfumer, 67 F.(2d) 878, 879, certiorari denied 291 U.S. 671, 54 S.Ct. 455, 78 L.Ed. 1060. There the bankrupt's attorney sought an allowance for unsuccessfully contesting adjudication on an involuntary petition. In denying the allowance, we said that services within section 64b (3) "are those rendered in aid of administration of the estate" and mentioned specifically services which result in direct benefit, "as where the assets are increased by reason of diligence and cooperation of the bankrupt's attorney." Compensable services may also include those which are reasonably necessary to enable the bankrupt to perform his duties under the act, but we do not think services rendered for the sole benefit of the bankrupt are within the statutory language. That it is one of the major purposes of the Bankruptcy Act to give a debtor a fresh start by allowing him a discharge (Stellwagen v. Clum, 245 U.S. 605, 617, 38 S.Ct. 215, 62 L.Ed. 507) finds no expression in the language of section 64b (3), which limits the permissible attorney's fee to costs of administration of the estate. It is true section 14b (11 U.S.C.A. § 32b), as amended in 1910, authorizes the trustee, at the instance of a creditors' vote, to object to the bankrupt's discharge. But this provides only a mode whereby creditors, all of whom are benefited by a denial of a discharge, may share proportionately the expense of contesting it and may have that expense deducted from their distributive shares of the estate. The discharge proceeding remains a collateral issue, personal between bankrupt and creditors and unconnected with the administration of the estate. Since we adhere to the view that in the interest of economy in administration section 64b (3) must be construed strictly, we hold it does not authorize an allowance for services relating to the discharge.

It is urged that such a construction may preclude an honest bankrupt, without means to engage an attorney, from obtaining the release from indebtedness which the act intends him to have. But we think the danger is exaggerated. Ordinarily, the legal services, if any, required to obtain a discharge for the honest debtor are slight. Moreover, whatever earnings a bankrupt makes after the filing of the petition are his, and the act accords him at least a year after adjudication before he need apply for a discharge. Within that period it was doubtless contemplated that he could acquire enough to enable him to engage the services of an attorney, if one were necessary to prosecute his application for discharge. As noted in the opinion below, practical considerations support this view, for were the attorney's services in procuring a discharge to be treated as an item of administration it might frequently result in serious delay in distributing the estate to creditors. Although this would not be true where objections to the discharge are filed by the trustee, we cannot think that the power of the court to make an allowance to the bankrupt's attorney exists in such a case, if it is absent when the objections are filed by a single creditor or when the discharge is uncontested.

The disallowance of expenses incurred in prosecuting the application for discharge are governed by the same considerations which require disallowance of the attorney's fee. Accordingly, the order is affirmed.