## In re SOLOWAY & KATZ et al.

(Circuit Court of Appeals, Second Circuit. January 13, 1914.)

### No. 83.

1. BANKRUPTCY (§ 384*)—CLAIMS—REVIEW OF REFEREE'S PROCEEDINGS—DIS CRETION.

Where a claimant in bankruptcy was denied a hearing before the referee, as special master, because the specifications of his claim were not filed with the referee within 10 days after January 2d, though they were left with a clerk in the referee's office other than the clerk designated as the person upon whom service could be made on Saturday, January 11th, and were received by the referee on the Monday following, and because they were not served on the attorney for the bankrupts within 10 days after the return day, as required by a rule of the District Court, though served 3 days later, it was within the discretion of the District Court to refuse to confirm the referee's recommendation that a composition offered be accepted, and to remand the matter to the referee, in order that such claimant might have its day in court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 590–592; Dec. Dig. § 384.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 342½*)—CLAIMS—SPECIFICATIONS—AMENDMENT.

It was within the discretion of the District Judge to permit a claimant in bankruptcy to amend the specifications of its claim, after a recom-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mendation by the referee that a composition be accepted, where the referee disallowed such amendments because of a doubt as to his power.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 530; Dec. Dig. § 342½.*]

Appeal from the District Court of the United States for the District of Connecticut.

Proceedings in the matter of Soloway & Katz and others, bankrupts. From an order refusing to confirm the recommendation of the referee, as special master, that a composition offered by the bankrupts be accepted, and directing that the matter be remanded to the referee, for the purpose of permitting the Bay State Milling Company, one of the objecting creditors, to amend its proof of claim, and permitting the Star & Crescent Milling Company, another objecting creditor, to amend its specification, the bankrupts appeal. Affirmed.

See, also, 195 Fed. 100.

De Forest & Klein, of Bridgeport, Conn., for appellants.

Benedict M. Holden, of New York City, for appellee Bay State Milling Company.

Harry M. Burke, of Hartford, Conn., for appellee Star & Crescent Milling Company.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. [1, 2] The two objecting creditors have never had their day in court. The specifications of the Bay State Milling Company were not considered by the referee because he did not regard the filing and service thereof as regular. The amendments proposed by the Star and Crescent Company were disallowed for the reason as stated by the referee:

"That a very large majority of the claims were opposed to allowing an amendment, and I consider it as very questionable whether I have any right to allow an amendment, either as referee or as special master."

It is entirely possible that the proposed composition is for the best interests of the creditors and that the opposition of the two creditors named is captious and, perhaps, vexatious. Nevertheless, we think they are entitled to be heard. The objection that the specifications of the Bay State Company were not filed with the referee within ten days after January 2d, because they were left with a clerk in his office on January 11th, after the referee had gone out, the said clerk not being the clerk designated by the referee as the person upon whom service could be made, seems to us unnecessarily harsh, especially so as the 12th of January was Sunday and the referee received the specifications on the Monday following. Furthermore the specifications were not served upon the attorney for the bankrupts within ten days after the return day, as required by rule 9 of the District Court of Connecticut, but three days later. It was, however, within the discretion of the District Court to relieve the creditor from the requirements of its own rule.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The action of the District Judge was intended to give the objecting creditors an opportunity to be heard on the merits. It was surely within his discretion to do this. He has made no definitive decision as to the legality or propriety of the composition, but has simply rendered it possible for the objecting creditors to state their case upon the merits to the referee and, if his decision be adverse, to review it upon a record which fully states the facts.

The order is affirmed.