### In re SOLOWAY & KATZ et al.

### Appeal of BAY STATE MILLING CO.

#### (Circuit Court of Appeals, Second Circuit. May 24, 1916.)

#### No. 96.

BANKRUPTCY ☞384—COMPOSITION.

> Where nearly five years had elapsed since bankruptcy, and much of the assets had been wasted by fruitless litigation, an offer of composition, approved by 98 per cent. of the creditors in number and amount of claims, will, where fair and for the benefit of creditors, be confirmed, notwithstanding objections of the remaining creditors; the object of bankruptcy proceedings being to settle insolvent estates as speedily as possible.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 590–592; Dec. Dig. ☞384.]

Appeal from the District Court of the United States for the District of Connecticut.

In the matter of the bankruptcy of Soloway & Katz, Maurice Soloway, and Samuel Katz. From an order confirming bankrupts' offer of composition, the Bay State Milling Company appeals. Affirmed.

Walter J. Walsh and William J. McKenna, both of New Haven, Conn., for appellant.

De Forest & Klein, of Bridgeport, Conn., for respondents.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. This matter was before this court January 13, 1914, when we decided that the order of the District Judge giving the two creditors, objecting to the proposed composition, an opportunity to be heard in opposition thereto was within his discretion and should be affirmed. In re Soloway & Katz, 211 Fed. 333, 128 C. C.

A. 12. The controversy was submitted to the referee as special master and after notice and hearing he found, inter alia, as follows:

"These bankruptcy proceedings have been pending since December, 1911, and from the records and files of these proceedings it appears that a great deal of litigation has been indulged in, and a great deal of money, part of the assets of said bankrupt estate, was expended in said litigation for counsel fees and disbursements, and no results whatever accomplished. Out of a very large number of creditors, in all exceeding 100, the 2 creditors who filed specifications alone oppose the confirmation of this composition, thereby preventing the closing up of said bankrupt estate.

"In view of the history of these bankruptcy proceedings, as shown by the records and files pertaining thereto, the inference is justifiable that the conduct of the 2 opposing creditors is captious and perhaps vexatious. * * * That the confirmation of said composition will be for the best interests of creditors, and is made in good faith and not procured by any means, promises, or acts prohibited by said Bankruptcy Law, nor have the bankrupts been guilty of any of the acts, or failed to perform any of the duties, which would be a bar to their discharge. That because of the prolonged litigation, and the amount of money expended out of the assets of said bankrupt estate, it is for the best interests of creditors to approve the recommendation of my predecessors, and to confirm the offered composition. * * *

"Upon the foregoing facts it is my opinion, and I do therefore recommend, that the bankrupts' offer of composition be confirmed, and that an order to that effect be passed."

The Bay State Milling Company, being one of about 100 creditors, is the only one now opposing the composition. The matter has been delayed for more than five years and nothing has been accomplished. This delay was partly due to the death of the first referee, but it is principally due to other causes which it is unnecessary to characterize. The result is that a law which was intended to produce quick results has kept the estate in statu quo during this long period with the result that the estate has been depleted. The opinion of the District Judge filed March 26, 1915, contains the following:

"Nearly five years have elapsed since bankruptcy proceedings were instituted in this court and the matter is still unsettled. Much of the assets have been wasted and what the dividend creditors will ultimately receive has been reduced as a result of the prolonged litigation over this estate. No one has profited thereby save various attorneys. Up to this point creditors have received no dividend whatever, even though it is conceded that a substantial fund for distribution is in the hands of the trustee, who is the custodian of the fund. More than 100 creditors whose claims in all represent about 98 per cent. of the creditors in number and total amount of obligations, strenuously urge the denial of the motions of the objecting creditors and the granting of the bankrupts' motion to confirm the composition offer in order to save something from this financial wreck. Further litigation ought therefore to cease unless there is something substantial presented as a reason for granting the motions of the objecting creditors now under consideration."

The specifications of objection to the composition are vague and general in character and were excepted to, or demurred to, for these reasons, among others. A motion made to strike out the specifications was granted: In other words, they were treated as demurrable and in most cases they clearly were so and as to all we are not convinced that the court erred in considering them as insufficient.

We see no reason for prolonging further a controversy which can only result in delay and in depleting still further the funds which all the other creditors wish divided. A proceeding in bankruptcy is in-

tended to get the assets as speedily as possible into the hands of the creditors, whose rights are first of all to be considered. We are convinced that a just result has been reached by the District Court and do not think the proceedings should be longer delayed to enable the objecting creditor to make another attempt to defeat the composition.

The decree is affirmed with costs.