**In re GOLDENBERG.**

No. 15187.

District Court, E. D. Pennsylvania.

Jan. 18, 1933.

Jerome Bennett (of Wessel, Bennett & Weiss), of Philadelphia, Pa., opposed.

Howard A. Lehman, of Bethlehem, Pa., contra.

KIRKPATRICK, District Judge.

All parties whose interests will be affected by the ruling of the court in this matter have withdrawn objections based upon technical considerations and have agreed that all matters involved may be disposed of by the court without further proceedings.

[1] The fees allowed by the referee in this case are so far in excess of anything which could possibly be justified by the services rendered that the court feels obliged to call attention to the duty of referees to exercise independent judgment in the matter of fees and allowances.

Fees which appear to be excessive should not be allowed even though the creditors after due notice fail to object. True, the bankruptcy law and the general orders give the creditors adequate machinery to resist exactions by attorneys. Theoretically, they should be able to protect themselves. Practically, they are usually helpless. The amount to be gained by any individual creditor is so small that it is rarely worth his while to undertake the defense of the estate against unwarranted charges, and the natural disinclination of counsel to raise questions involving fees creates a certain amount of inertia which is usually a discouraging factor. The amendments to the bankruptcy law and the general orders were never intended to relieve the referees of responsibility in these matters.

This does not necessarily mean that the referee will be compelled to enter into a formal investigation and make a record in all cases. Usually, the referee knows whether the services of attorneys involve anything more than matters of routine administration. It is not intended to fix a general rule by which legal services in ordinary cases must be governed, but it may be helpful to note that the report of the Attorney General for the year 1932 shows that the average attorney's fees (receiver's, trustee's, and bankrupt's attorneys combined) paid by the bankrupt estates in Pennsylvania, New York, New Jersey, Delaware, Maryland, Massachusetts, and Connecticut was less than 9 per cent. of the total amount realized after deducting expenses incurred in conducting the business in certain cases.

In this estate the total amount realized was $5,222.50. The bankrupt property was sold by the receiver at public sale. The trustee had nothing to do but distribute the money. The business was not conducted by the receiver and there was nothing which required legal services, beyond ordinary administration. The matter was expeditiously disposed of and the goods brought more than the appraised value at the sale.

The attorney for the bankrupt will be allowed a fee of $100. The attorney for the trustee and receiver will be allowed a fee of $300.

Certain other matters call for comment and ruling as follows:

(1) Where the same person acts as receiver and trustee, he is not entitled to double commissions, unless he has conducted the bankrupt business as a going concern or, in rare cases, where he has rendered extraordinary services in either capacity. The commission allowed to the receiver and trustee in this case will therefore be fixed at $145.68.

(2) The attorney for the bankrupt is not entitled to reimbursement as a preferred creditor for filing fee advanced to the bankrupt. See opinion of this court in Re Rosenstein, In Bankruptcy, No. 14850, E. D. Pa., 2 F. Supp. 726.

(3) The attorney for the bankrupt is entitled to reimbursements for expenses of procuring the bankrupt's discharge. While this expenditure does not inure to the benefit of the creditors, it is, nevertheless, in advancement of one of the major purposes of the Bankruptcy Act (11 USCA), and, if the bankrupt has honestly turned over all his assets to his creditors, he should not be compelled to draw upon his exemption to pay for his discharge.

(4) Appraisers are not entitled to an allowance for clerical services in addition to their appraisers' fees and the item for $25 for clerical services is disallowed.

(5) The attorney for the bankrupt is not entitled to an allowance for "expenses of attendance, postage, telephone expenses, etc."

(6) Where no stenographic notes of testimony have been taken, no allowance can be made for "stenographic attendance."

The estate is reopened and re-referred to the referee for further administration in accordance with this opinion. All fees and allowances in excess of those above indicated as proper will be refunded by the parties receiving them and proper distribution of the amount so received made without allowance for further attorney fees or expenses.