### In re ROTHMAN et al. *

District Court, S. D. New York.
March 13, 1936.

Louis Glazer and Harry A. Bloomberg, both of New York City, for bankrupts.

Charles Seligson, of New York City, for Irving Trust Co., trustee in bankruptcy.

PATTERSON, District Judge.

The referee has recommended an allowance of $650 to the bankrupts' attorneys, together with disbursements of $154.-90. The work done by these attorneys included (1) unsuccessful opposition to adjudication of the bankrupts, and (2) obtaining a discharge for the bankrupts over objections interposed by the trustee. The trustee's opposition to discharge, while unsuccessful, was not captious or frivolous. Three-fourths of the services performed by the bankrupts' attorneys were in getting the bankrupts their discharge, that issue having been warmly contested.

The amount recommended for the bankrupts' attorneys is excessive. The referee evidently took into account services performed by these attorneys in resisting adjudication and in obtaining discharge for the bankrupts. Services rendered to the bankrupts in resisting adjudication and in conducting proceedings for discharge are not matters for allowance out of the estate.

*Order affirmed — F.(2d) —.

The authority for making an allowance to a bankrupt's attorney is section 64b of the Bankruptcy Act, as amended (11 U.S.C.A. § 104 (b), which lists the debts that are to have priority in payment, and among them "(3) the cost of administration, including the fees and mileage payable to witnesses as now or hereafter provided by the laws of the United States, and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases while performing, the duties herein prescribed, and to the bankrupt in voluntary and involuntary cases, as the court may allow."

■ The allowance to the bankrupt's attorney is only for "work done in promoting the administration of the estate and in assisting the bankrupt to perform his duties, such as drafting and filing the petition, drafting and filing the schedules, attendance at the first meeting, and other services in furtherance of the proceedings." The services that may be paid for out of the estate are "those rendered in aid of administration of the estate." In re Evenod Perfumer, Inc., 67 F.(2d) 878, 879 (C.C.A.2), certiorari denied 291 U.S. 671, 54 S.Ct. 455, 78 L.Ed. 1060. The point decided in the Evenod Case was that no allowance could be made for services rendered by the bankrupt's attorney in resisting an involuntary petition.

■ The reasoning in the Evenod Case also precludes any allowance out of the estate for services in getting the bankrupt his discharge. It is true that one of the purposes of the Bankruptcy Act is to allow an honest debtor a discharge from obligations that overwhelm him. But this does not mean that the expense of getting the discharge must be borne by the creditors. Under the act the allowance is for "the cost of administration, including" an allowance to the bankrupt's attorney. It follows that services of the bankrupt's attorney not performed in "administration" of the estate are not to be paid for out of the estate. The proceedings on petition for discharge are not a part of the administration of the estate.

■ The exclusion of this item as a charge is in line with the policy that the provisions of the act (11 U.S.C.A.) relative to costs and expenses are to be strictly construed, in aid of economy in the administration of bankrupt estates. Realty

Corporation v. O'Connor, 295 U.S. 295, 55 S.Ct. 663, 79 L.Ed. 1446; Callaghan v. Reconstruction Finance Corporation, 56 S.Ct. 519, 80 L.Ed. ——, decided by the Supreme Court on March 2, 1936; In re Consolidated Distributors, Inc., 298 F. 859 (C.C.A.2).

■ Considerations of a practical nature support this view. Occasionally an estate is ready for distribution and closing in six months. Speed in distribution among creditors is one of the aims of the act. Bailey v. Glover, 21 Wall. 342, 22 L.Ed. 636; In re Soloway & Katz, 234 F. 67, 69 (C.C.A.2); Blue v. Herkimer Nat. Bank, 30 F.(2d) 256, 260 (C.C.A.2). Yet if the bankrupt's attorney is to be paid out of the estate for work done in getting a discharge for his client, we have a situation where he alone may block an early closing of the estate and protract the administration for months or years, on the ground that one of the costs of administration has not been paid and that there is no telling how large that cost will be.

It frequently happens that the bankrupt's application for discharge is opposed by only one creditor. That creditor must pay his own attorney. It would seem unjust that his action should result in casting on the general body of creditors the bills of the bankrupt's attorney in the discharge proceeding.

Again, take the case where the bankrupt is defeated in his effort to win a discharge. Is his attorney to have an allowance? Few would say so. Yet it is not easy to distinguish his case from one where discharge was granted, provided the attorney acted in good faith in trying to get a discharge for his client.

The decisions are not in harmony. Some are to the effect that no fee will be allowed the bankrupt's attorney for work done in obtaining a discharge. In re Brundlin, 112 F. 306 (D.C.Minn.); In re Duran Mercantile Co., 199 F. 961 (D.C. N.M.). Remington supports this view. Remington on Bankruptcy, §§ 2722, 2726. There are cases to the contrary. In re Christianson, 175 F. 867 (D.C.N.D.); In re Goldenberg, 2 F.Supp. 727 (D.C.Pa.). In other cases it has been held that there is no hard and fast rule, that the allowance of the charge depends on whether the trustee's opposition to discharge was unreasonable. In re Secord, 296 F. 231 (D.C.Wash.); In re Malkiel, 29 F.(2d)

790 (D.C.Mass.). It may be noted that under the principle of the Secord and Malkiel Cases there could be no allowance in this instance, the trustee's opposition here not being frivolous or unreasonable. Under the British Bankruptcy Act, the bankrupt is not entitled to have costs on application for discharge allowed out of the estate. Bankruptcy Rules 1915, rule 232. The present practice in this district, whatever it may have been earlier, is not to award an allowance to the bankrupt's attorney for services performed in discharge proceedings.

The services performed by the bankrupt's attorneys in resisting the involuntary petition and in obtaining discharge for their clients will not be paid for out of the assets of the bankrupt estate. For such services, the attorneys must look to their clients for compensation. It appears, however, that considerable work was done by these attorneys in facilitating the administration of the estate, for which an allowance of $150 out of the estate is reasonable. The amount will accordingly be fixed at $150. The disbursements claimed by the bankrupts' attorneys cannot be allowed. One item was for an expense incurred in resisting adjudication. The others were for expenses in the discharge proceeding, including a fee paid to an accountant who assisted the attorneys. The remaining allowances recommended by the referee will be confirmed.